## HORACE G. KNOWLES *vs.* JAMES H. MORRIS.

*Case Stated—Collector's Sale of Real Estate—Notice of Sale—To
whom given—Deed of Collector—Does such sale divest the
Lien of Municipal Taxes—Duty of Assessors.*

1. Under sec. 17 of the Act entitled "An Act in relation to the col-
lection of taxes for New Castle County," the collector is required, in mak-
ing a sale of real estate, to give notice to any person having an interest
therein, other than the person to whom the taxes are assessed, provided
such interest appears upon the records of said county.   The words
"records of New Castle County" embrace only the records of said county
and not the records of the City of Wilmington.   They have a definite and
well settled meaning, commonly known and accepted, and that is just
what the words themselves express—county records, the records *of* the
county, and not all the records *in* the county.

2.   It is the duty of assessors to use care and diligence to discover
the actual owner of the property to be assessed; and if the name of such
owner is known to the assessor, or might be ascertained by him from
the public records or other available sources of information, it is his duty
to make the assessment in the name of the actual owner.

*(May* 30, 1906.)

LORE, C. J., and PENNEWILL, J., sitting.

*Walter H. Hayes* for plaintiff.

*Phillip L. Garrett* for defendant.

Superior Court, New Castle County, May Term, 1906.

AMICABLE ACTION.   DEBT.   (No. 188, May Term, 1906).
CASE STATED.

The facts sufficiently appear in the opinion of the Court.

PENNEWILL, J.:—In this case, as appears from the case
stated, the question to be determined by the Court is, whether
or not the deed made and executed by the said Horace G.
Knowles and wife to the said James H. Morris would, if it had
been accepted by the defendant, have conveyed unto him in fee
simple the real estate described in said deed clear of all incum-
brances and liens, subject, however, to the right of redemption
of the heirs of Lewis R. Springer.

All the facts are fully set out in the case stated, and it will be unnecessary therefore to state them at length in this opinion. We may briefly summarize them as follows:

The real estate described in said deed was assessed in the years 1901, 1902, 1903 and 1904 to Lewis R. Springer, who was the owner thereof during the years 1901, 1902 and 1903. That the said Lewis R. Springer died in July, 1903, and the actual owners of the said real estate at the date of the assessment in 1904 was not Lewis R. Springer, but E. Baldwin T. Springer, Lewis R. Springer and Lucille Springer Maull, his only heirs at law to whom it had descended. That on September 26, 1905, Horace G. Rettew, the Receiver of Taxes and County Treasurer for New Castle County, levied upon said real estate for the purpose of making the taxes for the four years aforesaid based on said assessments; which taxes, with the five per centum added, amounted to the sum of $37.56. That the said Receiver of Taxes and County Treasurer on October 28, 1905, sold said real estate at public auction to Horace G. Knowles for the sum of $155.00.

It is admitted that the sale was duly advertised, and made in all respects according to law. Subsequently to the sale the said Horace G. Knowles made and executed the deed in question to the defendant, which upon tender the said defendant refused to accept because there were certain incumbrances or liens against the said real estate, consisting of judgments against the said Lewis R. Springer of record in the office of the Prothonotary of New Castle County; and also of certain municipal taxes assessed for the years, 1902, 1903, 1904 and 1905, amounting to $87.04, and a sewer lien in favor of the Mayor and Council of Wilmington for the sum of $112.50, assessed in 1892.

The specific questions presented by the case stated and raised in the argument, we understand to be as follows: (1) Did the sale made by the Receiver of Taxes and County Treasurer for the collection of county taxes divest the lien of the municipal taxes?

(2) Was the said assessment, made in the year 1904, after

SUPERIOR COURT.

the death of Lewis R. Springer, a void assessment, and the said sale, in consequence thereof, invalid?

In order to answer the first question, it is necessary to con sider together Sections 17 and 20 of An Act entitled "An Act in relation to the Collection of Taxes for New Castle County," appendix of Vol. 20, Laws of Delaware, p. 9.

Section 17 provides as follows: "In case the collector shall advertise for sale any property, real or personal, in which any person other than the person to whom the taxes are assessed has an interest, he shall, provided the interest of such other person appears upon the records of New Castle County, leave a copy of the notice of such sale at the last and usual place of abode or personally with such other persons, if within this State, twenty days prior to the time of said sale."

Section 20 is as follows: "The deed of any real estate, or any interest therein, sold for the payment of taxes, made and executed by the collector who shall sell the same, shall vest in the purchaser, subject to the right of redemption hereinafter provided, all the estate, right and title the owner thereof had in and to such real estate at the time said taxes were assessed, free from any interest or incumbrance thereon of any person to whom the notice required by the provisions of this act shall have been given; and the recitals in such deeds shall be evidence of the facts stated."

Considering those two sections together, it is manifest that the Legislature intended, and in fact declared, that such a deed as the one before us should vest in the purchaser, subject to the right of redemption, all the estate, right and title the owner had at the time the taxes were assessed, free from any interest or incumbrance thereon of any person to whom the *notice required by the provisions of this act had been given.* The persons to whom notice is required to be given by the provisions of the act are only those persons whose interests or incumbrances *appear upon the records of New Castle County.* The question we are now considering, therefore, narrows itself down to a construction of the words "records of New Castle County."

It is not contended in this case that the said deed would vest in the defendant the real estate described therein, free from the lien or encumbrance of municipal taxes, even though the city in fact received notice of the sale, unless the notice so received was required to be given under the provisions of the act. Notice was in fact given to the city, but was such notice required to be gived by the act? Do the words "records of New Castle County" embrace not only the records of the County of New Castle but also the records of the City of Wilmington, which are in the County of New Castle? We think not. The words mentioned have a definite and well settled meaning, commonly known and accepted, and that is just what the words themselves express,—county rcords, the records *of* New Castle County and not all the records *in* New Castle County.

We are of the opinion therefore that the deed made and executed by Horace G. Knowles and tendered to the defendant, James H. Morris, would not, if it had been accepted by the defendant, have conveyed unto him in fee simple the real estate described in said deed clear of all encumbrances and liens.

Having reached this conclusion, it is not necessary that we should express an opinion upon the second question above mentioned, but we will say that it is the duty of the assessor to use care and diligence to discover the actual owner of the property to be assessed, and if the name of the owner is known to the assessor, or might be ascertained by him from the public records or other available sources of information, it is his duty to make the assessment in the name of the actual owner.

Judgment for defendant for costs.