

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Thomas A. Wheat
County Attorney
Liberty County
Liberty, Texas

Dear Sir:

Opinion No. O-2193
Re: Disposition of proceeds of
tax sale under peculiar facts.

In your letter of April 8, 1940, you submit to
us the following facts; On May 31, 1935, the State of
Texas filed suit against P. Stuckey in Liberty County for
delinquent taxes. Dayton Independent School District in-
tervened in the suit. On July 23, 1937, judgment was en-
tered awarding the State a recovery of $58.02, the county
$141.13, and the school district $55.90, a total recovery
of $255.05, and costs, with foreclosure. The property
was duly advertised and sold to the State on October 5,
1937, for $318.46, which was the amount of the judgment
and accrued costs at that time. On February 6, 1940, after
advertisement, the property was again sold by the sheriff
to V. W. Collins for $85.00 which now is about the amount
of accumulated costs.

You request our opinion in response to two ques-
tions, viz: (1) whether the proceeds of said sale, $35.00,
should be applied first to the payment of costs, or should
it be applied to the payment of the taxes for which the
judgment allowed recovery, and (2) if there is any sum to
be paid on the taxes then how should the same be distributed?

It is noted that while the suit was filed prior
to the enactment of Article 7345b, Vernon's Civil Statutes,
judgment was not entered until after said Act had become
law. That statute became effective on May 13, 1937, and the
judgment was entered on July 23, 1937.

The distribution of the proceeds of sales under
Article 7345b is governed by Sections 8 and 9. Relating to
the proceeds of the "first sale", Section 8 provides:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"No property sold for taxes under decree
in such suit shall be sold to the owner of said
property, directly or indirectly, or to anyone
having an interest therein, or to any party
other than a taxing unit which is a party to
the suit, for less than the amount of the ad-
judged value aforesaid of said property or the
aggregate amount of the judgments against the
property in said suit, whichever is lower, and
the net proceeds of any sale of such property
made under decree of court in said suit to any
party other than any such taxing unit shall be-
long and be distributed to all taxing units
which are parties to the suit which by the judg-
ment in said suit have been found to have tax
liens against such property, pro rata and in
proportion to the amounts of their respective
tax liens as established in said judgment, but
any excess in the proceeds of sale over and
above the amount necessary to defray the costs
of suit and sale and other expenses hereinabove
made chargeable against such proceeds, and to
fully discharge, the judgments against said
property, shall be paid to the parties legally
entitled to such excess."

Cases where the property is bought in by a tax-
ing unit and thereafter sold by it at private sale are con-
trolled, as to the disposition of the proceeds, by Section
9, the applicable part reading:

". . . and when such property is sold by
the taxing unit purchasing same, the proceeds
thereof shall be received by it for account of
itself and all other said taxing units adjudged
in said suit to have a tax lien against such
property, and after paying all costs and ex-
penses, shall be distributed among such taxing
units pro rata and in proportion to the amount
of their tax liens against such property as
established in said judgment. Consent in be-
half of the State of Texas under this Section
of this Act may be given by the County Tax Col-
lector of the county in which the property is
located."

When the property is purchased at the first sale
by a taxing unit, is not sold at private sale, but is there-
after advertised and sold by the sheriff, the distribution
of the proceeds of the sale is determined by the last sen-
tence in Section 9, reading:

Honorable Thomas A. Wheat, Page 3

"The Sheriff shall apply the proceeds from such sale, first, to the payment of all costs in said unit and all costs and expenses of sale and resale and all attorney's fees and reasonable expenses taxed as costs by the Court in said suit and shall distribute the balance among the taxing units participating in said original judgment pro rata and in proportion to the amount of their tax liens against such property as established in said judgment."

From the above it is quite clear that the proceeds of any sales governed by Article 7345b shall be distributed as follows: First, to the payment of costs; second, to the taxing units pro rata, in proportion to their recoveries; third, any balance to the landowner or other party entitled thereto.

Prior to Article 7345b, costs were not paid until after the satisfaction of taxes, penalty and interest. Conference Opinion No. 2707, this office; Article 7333, Revised Civil Statutes. Proceeds of the sale were given a pro rata distribution among the units recovering judgments in the suit. Conference Opinion No. 2728, this office, Letter Opinions, Assistant C. M. Kenedy to K. C. Barkley, April 26, 1935, and Assistant Scott Gaines to Reese D. Wade, April 23, 1932, 26 B. C. L. 404; Cooley on Taxation (4th Ed.) Section 1241; Dennison v. City of Keokuk, 45 Iowa 266; Justice v. Logansport, 101 Ind. 326; Nashville v. Lee, 80 Tenn. 452; St. Clair v. Jones, 108 N. E. 256, Ind; Bowe v. City of Richmond, 64 S. E. 51; Va; Adams v. Osgood, 60 N. W. 869, Neb; Knowles v. Morris, 65 Atl. 782, Del.

Due to the change wrought by Article 7345b in making costs the first charge against the proceeds of a tax sale, it becomes necessary for us to determine whether your case is governed by that Act. It is recalled that the suit was filed long prior to the enactment of Article 7345b, but judgment was not entered until after the effective date of that statute.

Section 1 of the Act merely defines "taxing units", Section 2 begins, "In any suit hereafter brought by or in behalf of any taxing unit . . . the plaintiff may implead as parties defendant any or all other taxing units having delinquent tax claims against such property."

Honorable Thomas A. Wheat, Page 4

exclude suits theretofore instituted. Our belief in this respect is accentuated by the fact that it is expressly written in Section 12, near the close of the Act, that the provisions relating to redemption and the issuance of writ of possession shall apply to "all suits heretofore or hereafter filed." Our opinion is that the case will be governed by the laws existing at the time the suit was filed in so far as the distribution of the proceeds of the sale and the payment of costs are concerned. As bearing generally on the question we cite San Antonio v. Berry, 48 S. W. 496, at pp. 499-500; Stewart v. Latner, 116 S. W. 860.

Said sum of $25.00, proceeds of said sale, should be applied to the payment of the judgment recoveries pro rata in proportion to the respective amounts thereof.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Glenn R. Lewis

Glenn R. Lewis
Assistant

GRL:LM

APPROVED MAY 3, 1940

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY Burk
CHAIRMAN