A tax was claimed by the State on the tract of 390 acres, as unlisted land for the years 1802, 1803, and 1804; and on 25 November, 1805, the sheriff of Craven exposed the same to public sale and sold it to the plaintiff, who undertook to pay the said tax for 389 acres, part thereof. The 389 acres were surveyed duly by the county surveyor, and the sheriff made a conveyance of the same to the plaintiff.
On the trial it appeared that a certain Samuel Hoover, claiming (481) a right to one undivided third of the 390 acres, had, during 1802, 1803, and 1804, listed for taxes 130 acres as the one-third thereof, and had paid the same before the aforesaid sale was had. The jury found a verdict for the defendant. If upon these facts the plaintiff is entitled to recover either the whole of the 389 acres, or any undivided part thereof, then the verdict is to be set aside; otherwise, to stand.
There is no analogy in principle between this case and those of a selling for taxes without due advertisement; in which cases such sales have been held good. There the officer did no more than he was authorized to do; here he has. He has in this case sold an entire tract for taxes on the whole, when no tax was due for one-third part. He has not been satisfied with this, but has sold for the raising of two years taxes upon the whole, when by law he had no right to sell at all, and which appears on the face of the deed. The purchaser, therefore, cannot show his title without exhibiting, on the face of it, an abuse of the authority under which the sheriff acted. But it is insisted that so far as the sheriff could have sold, his sale ought to be effectuated, and cases of powers derived from contract have been relied on. Now, it may be a general rule that in such cases the courts will sustain them where they have been executed in such way that the act which the agent had authority to do was properly done, and was capable of being separated from that which there was no authority to do. But how, in the present case, can such separation be made? The selling of the land was not in a proper manner, for the sum raised was three or four times as much as the officer had authority to demand. No one, therefore, can tell how much would have been required to raise the tax lawfully demandable. If this was a case of private agency, we therefore see no principle upon which a court could presume to collect an intention to execute a power; for the act done, and the effect which results from an operation of the act, if it is to have any, are essentially different from a proper exercise of the power as any two acts could be. (482) In those cases of private powers where the act has been done which the power authorized, though the agent may have done more, *Page 358 
and the authorized act has been done in such way that it may operateconsistently with the authority, if innocent persons are likely to suffer, the law has said, "That it will intend from the act and its effect that the agent designed to execute his authority, but has only done so in a bungling manner." But we think, in the case of public officers, whose authority is not derived from any individual, that the law is clear that wherever they transcend their authority the whole act is void; that the law for them, nor any one else, will presume they intended to act properly. Coke's Rep. 6,Carpenter's case. The sheriff, therefore, being a public officer, and having exceeded the limits of his authority, the whole of his act is void, and, consequently, the plaintiff cannot recover.
The act of Assembly under which the sheriff sold directs him to sell to the person who will pay the taxes and charges of advertisement for the smallest number of acre; and if no one will pay them for less than the whole tract, to execute a deed to the Governor, for the use of the State. And when they are sold to an individual, the same act requires that the quantity purchased shall be separated from that not sold, by an actual survey made by the county surveyor, and the sheriff is to execute a deed accordingly. From the state of the facts it appears impossible that the present deed can prevail to its full extent; and by what rule or principle can its operation be directed? It cannot, in justice, be said that it shall be confined to the two-thirds, excepting one acre, because it is impossible to say how much land it would have required to raise the tax legally demandable; and on this score it is repeated, that the purchaser, by his own deed, bears testimony against the justice as well as legality of his claim. But if the deed is to be confined to the two-thirds, where is the excepted acre to be found? Not in the deed; but must require something further to be done, (483) either by the consent of the parties or the compulsory process of law. Such a result is clearly at variance with what the Legislature contemplated to follow from the act it authorized the sheriff to do. Vid. Plowd. Com., Dive v. Manninghan; Wing. Max., Regula, 99.
HALL, J., and CAMERON, J., considered this case to come within the principle of those where a sale by a sheriff for taxes was held good, though the sheriff had omitted to advertise in the manner required by act of Assembly.
NOTE. — See acc. Douglas v. Short, 14 N.C. 432; Avery v. Rose,15 N.C. 549; see, also, Love v. Gates, 20 N.C. 363; Pentland v.Stewart, ibid., 386.
Cited: Register v. Bryan, 9 N.C. 21; Avery v. Rose, 15 N.C. 556Saunders v. McLin, 23 N.C. 576. *Page 359