BONNER v. BOARD OF DIRECTORS OF THE ST. FRANCIS LEVEE DISTRICT.

Opinion delivered January 27, 1906.

1. TAXATION—EFFECT OF PAYMENT ON PART OF TRACT ASSESSED AS WHOLE.—Where a certain tract of land, less than a section, was assessed as an entirety, the collector had no authority to accept payment of the taxes supposed by him to be due on the north half of such tract, and a sale of the remaining south half of the tract, for the remainder of the taxes assessed against the entire tract was without authority and void. (Page 521.)

2. SAME—LIABILITY OF LAND PURCHASED BY LEVEE DISTRICT.—Where a levee district purchased lands at a sale for unpaid levee taxes, the lands continued subject to general taxation for State and county purposes. (Page 522.)

3. COSTS—ALTERNATIVE RELIEF.—Where a complaint in equity prayed that plaintiff's title be quieted, or that the taxes paid by him be refunded, and the court granted the latter relief, plaintiff was entitled to recover his costs. (Page 522.)

Appeal from St. Francis Chancery Court; EDWARD W. ROBERTSON, Chancellor; affirmed.

*R. J. Williams,* for appellant.

1. At the time of the purchase by appellee under the sale ordered by the chancery court for nonpayment of levee assessments, the State's lien for taxes of 1897 had become fixed as against both owner and purchaser.

2. The costs charged against land were not excessive. Kirby's Digest, § § 3494, 4922.

3. Wild land being assessed in a body at its lowest valuation, the owner may select and pay on part and abandon the remainder, and the collector may designate and return as delinquent that part not paid on.

4. It was error to tax the costs against the plaintiff.

*H. F. Roleson* and *N. W. Norton,* for appellee.

1. Excessive costs were charged against the land on sale for delinquent taxes. 61 Ark. 414; 79 S. W. 793; Kirby's Digest, § § 3494, 3495; 61 Ark. 36.

2. There was no valid assessment of the tracts sold. They were included in assessment for taxes in a larger tract assessed as a whole, and could not be separated from it and returned as delinquent. Kirby's Digest, § § 6976, 7024, 7080, 7085.

3. The land was not subject to taxation at the time of sale to appellant. Sec. 5, art. 16, Const. 1874; 59 Ark. 513; 25 Am. & Eng. Enc. Law, (1 Ed.), 106.

BATTLE, J. This suit was brought by E. Bonner against the Board of Directors of the St. Francis Levee District to quiet title to certain lands. He alleges in his complaint that the defendant purchased at a sale on the 24th day of January, 1898, for unpaid levee taxes, and by virtue of its purchase acquired a deed thereto, and on the second Monday in June, 1898, he purchased the same lands at a sale for State and county taxes. He asked "that his title be declared superior to defendant's claim of title, and that it be quieted, and the deed to the defendant be canceled, or, if the court should find that defendant had the best title, that defendant be required to refund to plaintiff all sums of money paid out on account of taxes both to the State of Arkansas and to the Board of Directors of the St. Francis Levee District, together with interest from date of such payments."

After hearing the evidence the court found that the sale to plaintiff was void, and that he had paid the taxes on the lands, which, together with interest, amounted to $101.50, and declared a lien in his favor for that amount, but taxed plaintiff with all the costs.

The tax books, as originally made and delivered to the collector of St. Francis County, showed that the south half of sections 34 and 35, in township 6 north, and in range 5 east, had been listed in the name of A. H. Chatfield, as entire tracts, and that taxes were extended against each tract of 320 acres; that the total taxes on each tract were $7.20, the tax rate being two and one-quarter mills on the dollar. Some one paid the taxes on the S. $\frac{1}{2}$ of the S. $\frac{1}{2}$ of said sections 34 and 35, and the taxes on the N. $\frac{1}{2}$ of the S. $\frac{1}{2}$ of each of said sections were not paid before the sale of the same therefor. The N. $\frac{1}{2}$ of the S. $\frac{1}{2}$ of each of said sections was returned delinquent for taxes of 1897, and was sold at the tax sale on the second Monday in June, 1898, and purchased by the plaintiff. These are the lands in controversy.

The statutes of this State provide that real property, belonging to the same owner, shall be assessed by section, or the largest subdivision of which the same is capable; and that "in all cases, when practicable, and the land is owned by one person, or one or more persons jointly, description of lands, both on the tax books and delinquent lists, shall be in tracts not less than one hundred and sixty acres," and that lands shall be described on the delinquent lists as they are described on the tax books; and impliedly that they shall be sold at tax sale in the same manner. Kirby's Digest, § § 6976, 7024, 7083 and 7085. The effect of these statutes is to prohibit the collector or other person changing the assessment of lands after the tax books have been delivered to the proper officer. The assessor only is authorized to make the assessment.

The south halves of sections thirty-four and thirty-five were each assessed as a whole. The value of no particular part was fixed, and from the assessment it could not be ascertained. One part may be worth more than another. For the purposes of taxation they could not be subdivided except by re-assessment. The offer of the north half of the south half of the sections, as separate tracts, for sale, was without authority, and the sale was void.

The lands in controversy continued subject to taxation after they were acquired by the St. Francis Levee District.* *School District of Ft. Smith* v. *Howe,* 62 Ark. 481; *Brodie* v. *Fitzgerald,* 57 Ark. 445.

The decree of the chancery court is approved, except as to costs. Plaintiff, having asked for a decree to quiet title or for taxes and interest, and recovered the latter, is entitled to costs of the chancery and supreme courts; and it is ordered that he recover the same.

---

*Appellee insisted in his brief that the lands were not subject to taxation, being "public property and exclusively for public purposes," within Const. 1874, art. 16, § 5 (Rep.)