PONDER *v.* RICHARDSON.

4-8506                                      210 S. W. 2d 316

Opinion delivered April 12, 1948.

Rehearing denied May 10, 1948.

W. P. Smith, for appellant.

W. E. Beloate and Cunningham & Cunningham, for appellee.

ED. F. McFADDIN, Justice. This appeal is a controversy between the tax title purchaser (appellant) and the original landowners (appellees). The fractional northwest quarter of section 8, township 15, range 1 in Lawrence county contains 149.46 acres according to government survey; so the west one-third of the fractional northwest quarter of section 8 contains a total of 49.82 acres. Under that last-mentioned description—i. e., "W 1/3 Frl. NW ¼ section 8, 49.82 acres," etc.—the land forefeited to the State for the nonpayment of taxes for the year 1941. In due time the State received a deed, and then the State proceeded to sell the land—under the same description—to the appellant on May 25, 1945, at the total appraised price of $249.10.[1] Thereafter the State instituted confirmation proceedings under Act 119 of 1935 for the benefit of the State and its vendee (appellant, insofar as the land here involved is concerned). Appellees intervened[2] in the confirmation proceedings

[1] The total which appellant paid the State was $254.98, which—in addition to the appraised value—included $4.98 for "confirmation fee" and $1.00 for deed.

[2] Although appellees have a dispute between themselves as to the division of ownership, still they are. attacking appellant's tax title; and that is the main point at issue in this appeal.

and by numerous assignments assailed the validity of the 1941 tax sale on which appellant's title is based.

The chancery court found the 1941 tax sale to be void, and canceled the appellant's deed from the State as a cloud on appellees' title. From that portion of the decree the appellant has appealed. The chancery court also required appellees to pay into the court the 1941 taxes and the taxes for subsequent years on that portion of the lands owned by appellees; and against that portion of the decree the appellees have cross appealed. The chancery court held the 1941 tax sale to be void, because: (a) one acre in the northwest corner of the "W 1/3 Frl. NW 1/4 section 8" was a cemetery; and (b) this cemetery was exempt from taxation; yet (c) in listing the "W 1/3 Frl. NW 1/4 section 8" on the tax book, and in selling it for 1941 taxes, the State included the exempt cemetery along with the non-exempt land; and (d) such inclusion made the tax sale void on direct attack—such as is this proceeding. We agree with the decree of the learned Chancery Court.

I. *The Existence of the Cemetery.* The proof showed that in 1889 James Rogers and wife (being the owners of the "W 1/3 Frl. NW 1/4 section 8") executed a deed to one acre in the northwest corner of said land for use as a cemetery or public burying ground; and that said acre was used for a Negro cemetery for many years and has many graves and tombstones thereon, and is partially separated by a fence from the remaining portion of the said land. That said acre is a cemetery is conceded by all parties. The fact that no bodies have been buried in the cemetery in recent years does not militate against its existence as a public burying ground. In 61 C. J. 491, in discussing the exemption of a cemetery from taxation, the holding of the cases is summarized as follows:

"Property used for interment of the dead of past years and preserved as a cemetery is exempt, despite cessation of use for burial of persons dying thereafter, and despite failure to maintain it in good condition."

To the same effect, see annotation ''Scope and Application of Exemption of Cemeteries from Taxation'' in 168 A. L. R. 283. We conclude that the cemetery here involved retained its existence as a cemetery.

II. *The Exemption of the Cemetery from Taxation.* Art XVI, § 5 of the Arkansas Constitution of 1874 provides:

''. . . the following property shall be exempt from taxation: . . . cemeteries used exclusively as such; . . .''

Section 13603, Pope's Digest, exempts from taxation:

''. . . All lands used exclusively as graveyards, or grounds for burying the dead, except such as are held . . . with a view to profit.''

This cemetery was a public burying ground and was held with no view to profit. So, it was exempt from taxation, and any purported tax deed of the said cemetery was void. See *Winn* v. *Little Rock,* 165 Ark. 11, 262 S. W. 988. See, also, 51 Am. Juris. 894, ''Taxation,'' § 1023. It was the duty of the assessing officer to show the cemetery as exempt from taxation. If this duty had been performed, then the property remaining for taxation could have been assessed for taxation as: ''W 1/3 Frl. NW ¼ section 8 less cemetery of one acre in northwest corner.'' The property was described on the assessment roll, and sold as ''W 1/3 Frl. NW ¼ section 8 containing 49.82 acres,'' and this last-mentioned description necessarily included the cemetery since it was not excepted from the description as it should have been.

III. *Effect of Including the Cemetery in the Assessment and Sale of the Tract Sold.* We have here a situation wherein appellees' property was assessed and taxed along with exempt property, with the result that appellees were assessed and taxed for more property than was subject to taxation. In *Kaplan* v. *Scherer,* 205 Ark. 554, 169 S. W. 2d 660 a similar situation was presented, and we copy from that case:

"It is undisputed that appellee's property, in question here, was carried on the tax books, and assessed, as 'the east 60 feet of lot 11, block 30, town of Texarkana, Arkansas', when in fact appellee only owned the east 51.1 feet of lot 11 black 30, town of Texarkana, Arkansas. She was assessed, therefore, on more property than was subject to taxation, the title of nine feet of the assessed property being in the city of Texarkana since 1931, and not subject to taxation. In other words, she was assessed and taxed on the basis of ownership of 60 feet when she owned only 51.1 feet of lot 11. This, we think, is clearly an illegal and void assessment, and the taxing officers were unauthorized to sell, and lacked the power to sell, property for taxes which were not chargeable against it."

So, in the case at bar, the inclusion of the cemetery made the assessment void. Mr. Cooley, in his work on Taxation, 4th Ed., § 1430, says:

". . . a whole tract cannot be sold where the tax is assessed or due on only a part of it."

See, also, *Jones* v. *Gibson,* 4 N. C. 480, 7 Am. Dec. 690. In 51 Am. Juris. 504 the rule is stated in this language:

"The general rule appears to be that a tax levied upon partly exempt real property as a whole is not valid as to the nonexempt part, if the assessment is inseparable, but is wholly void. A tax on exempt property is absolutely void because for an unauthorized purpose, and when the void assessment is so interwoven with an assessment on other property as to be inseparable therefrom, the whole becomes void."

In 118 A. L. R. 861, there is an annotation on the effect of assessing non-exempt property *in solido* with exempt property; and the cases cited in that annotation sustain the general rule to the effect that the inclusion of exempt property voids the entire assessment, if the assessment is inseparable. Here, the assessment was on the entire tract, and was inseparable. See, also, *Bonner* v. *Board of Directors,* 77 Ark. 519, 92 S. W. 1124. It follows therefore that the 1941 tax sale was void, and the chancery court was correct in so holding.

The majority of this court finds a distinction between the holding in the case at bar and that in *Burbridge* v. *Smyrna Baptist Church*, 212 Ark. 924, 209 S. W. 2d 685: such distinction being, that here we are sustaining a direct attack on a tax sale, while in the Burbridge case the payment of taxes for more than 15 years was held to be color of title irrespective of the validity of the tax sale.

IV. *The Cross Appeal.* The chancery court required the appellees to pay into court—for the benefit of appellant—the taxes and penalties for 1941 and subsequent years on the land that the appellees owned and claimed in this suit—which is all the land except the one acre that is the cemetery. The appellees have cross appealed from that portion of the decree which required them to make such payments. The chancery court was correct in making the requirement. Our holding in the recent case of *Buschow Lumber Co.* v. *Witt*, 212 Ark. 995, 209 S. W. 2d 464, is ruling on this cross appeal. The Buschow case states what is required of a suitor in a court of equity, and indicates how some of the money so paid into court may go to the tax title purchaser, and also his procedure for obtaining relief for any remaining deficiency.

Affirmed on both direct appeal and cross appeal.