### LUBBOCK INDEPENDENT SCHOOL DIST. et al. v. OWENS.
#### No. 5923.

Court of Civil Appeals of Texas. Amarillo.
Dec. 6, 1948.

Rehearing Denied Jan. 10, 1949.

McWhorter, Howard & Cobb and Vaughn E. Wilson, all of Lubbock, for appellants.

Robert A. Sowder, of Lubbock, for appellee.

LUMPKIN, Justice.

This suit was filed by the appellee, Marcus O. Owens, Jr., against the appellants, City of Lubbock and Lubbock Independent School District, asking for a judgment removing cloud from title and decreeing that neither of the appellants had a tax lien on the property involved. The suit concerns twenty-one lots located in the City of Lubbock, Texas. The appellants filed a cross action seeking judgment for delinquent taxes on the lots for the years 1919 to 1947 inclusive.

Following a trial without the intervention of a jury the trial court rendered judgment decreeing that the appellee "is entitled to recover * * * and he shall take title to and remove cloud from the * * * land * * * free and clear of all liens and claims of liens by or in favor of * * * Lubbock Independent School District, and the City of Lubbock * * * and the State of Texas and Lubbock County * * * as to all and every claim or assertion of liability upon any of said lots for any claimed tax, or taxes, penalties or costs for any year, or years, prior to the year 1948 * * * and it is further ordered that said taxing bodies * * * be forever enjoined from claiming * * * any taxes for the year 1947 and previous * * * and from denying in any manner, that said lots are freed from lien, or liens, to any one of them for taxes claimed to accrue to any one of them for the year 1947, or any year prior thereto, or, in any manner, defame plaintiff's title thereto. * * * *" All costs, including a fee to the attorney ad litem, was

charged against the taxing units. To this judgment the appellants gave notice of appeal and the case is now before this court for disposition.

It appears that in 1926 the State of Texas and the County of Lubbock filed suits to collect the delinquent taxes due on the twenty-one lots involved in this case. Neither the City of Lubbock nor Lubbock Independent School District was made a party to the suits, nor was either taxing unit given notice that such suits were pending. In 1927 the suits proceeded to judgment, the tax liens on the various lots were foreclosed, orders of sale were duly issued to the sheriff of Lubbock County, the lots were sold to the State of Texas at the sheriff's sale, and sheriff's deeds were made to the State and filed in the Deed Records of Lubbock County. None of the lots were ever redeemed by the record owners, and in 1946 and 1947 the lots were sold by the sheriff to the appellee, Marcus O. Owens, Jr. In this case the appellee sued the City and District to cancel the taxes due and delinquent at the time of the foreclosure proceedings in 1927 of the state and county liens, to perpetually enjoin the appellants from making any claim for taxes, and to remove cloud from title caused by the tax claims of the taxing units. Appellants answered by exceptions and denials, and filed their cross action setting up their claims for the delinquent taxes on the property from 1919 to 1947 inclusive.

In attacking the trial court's judgment, the City of Lubbock presents 18 points of error while the Lubbock Independent School District urges 4 points of error. We shall discuss these points of error under five contentions. First, the appellants insist that the tax lien foreclosure proceedings in 1927, and the subsequent sale of the lots to the State, did not cancel the appellants' taxes for the years 1919 to 1927 inclusive, or the liens securing them, assessed and due on the property.

The record shows that the City of Lubbock had no notice and was not made a party to the foreclosure suits of 1926 and 1927, and that the taxes assessed by the City for the years 1919 to 1927 inclusive, were due and delinquent to the City at the time of the state's and county's foreclosure suits. The record further shows that the Lubbock Independent School District had no notice of the foreclosure suits, and that the taxes assessed by the District for the years 1919 to 1927 inclusive, were due and delinquent at the time the title to these lots became vested in the State of Texas.

The tax liens of cities, school districts, counties and the state have equal dignity. See annotations 135 A.L.R. 1469 et seq. Article 7345b, Vernon's Revised Civil Statutes, was not enacted until 1937, and therefore its provisions concerning necessary parties and notice to other taxing units in foreclosure suits are not applicable to this case in which the foreclosure proceedings were initiated in 1926. However, the taxes due the various taxing units on the lots constituted a lien thereon. Article 8, Sec. 15, State Constitution, Vernon's Ann.St.; Article 7172, Vernon's Revised Civil Statutes; McKelroy et al. v. Hamilton et al., Tex.Civ.App., 130 S.W.2d 1114; State Mortgage Corporation v. State, Tex. Com.App., 17 S.W.2d 801. But the appellants would be prohibited from enforcing their liens during the period the title of the lots was in the State. As stated in State v. Stovall et al., Tex.Civ.App., 76 S.W.2d 206, 208, error refused, "* * * though real property may be charged with a lien for unpaid taxes duly and legally levied by the State [or other taxing unit], when thereafter the legal title to such property is acquired by or vests in the state, and the same is used by it for a public purpose, all subsequent proceedings to collect such tax by enforcing such lien are without effect and void." Childress County v. State et al., 127 Tex. 343, 92 S.W.2d 1011; City of Marlin v. State et al., Tex.Civ.App., 205 S.W.2d 809; State v. City of San Antonio et al., Tex.Sup., 209 S.W.2d 756.

In this connection the appellants insist that during the time the title to the twenty-one lots was vested in the State, the lots were not owned and held by the State for a public purpose as contemplated by Article XI, Sec. 9 of the State Constitution. The record reveals that the State held the lots until they could be sold. According to the Supreme Court in State v. City of

San Antonio, supra, the owning and holding of property solely for the purpose of collecting taxes thereon is a holding for a public purpose within the meaning of the constitutional provision. City of Austin v. Sheppard, 144 Tex. 291, 190 S.W.2d 486, 162 A.L.R. 1116. Further, the appellants complain that the lots were not sold for a number of years after the expiration of the redemption period; and, therefore, the appellee is estopped from asserting the claim that the property was not subject to City and District taxes during this period by reason of the State holding them for a public purpose. We do not agree with appellants in this contention. Tardy action on the part of the State's officers in not selling the property until 1946 and 1947 would not be binding upon the State or its grantee. While it is true that the State can only act through its officers, the State is not bound by their neglect in the exercise of its governmental functions. City of San Angelo v. Deutsch, 126 Tex. 532, 91 S.W.2d 308.

■ The record shows that at the time of the foreclosure proceedings in 1927, the city's taxes on the lots were due and delinquent for the years 1919 to 1927 inclusive; and, as we have seen, the appellants were barred from foreclosing their liens during the period the title to the lots was vested in the State. We are now faced with this question: Are the City and District taxes assessed for the years 1919 to 1927 inclusive, and the lien securing them, wiped out and merged with the title of the State at the time of the original foreclosure proceedings? We have not been cited to any Texas authorities in point on the question of law involved, nor have we found any. From a study of similar situations in other jurisdictions, it appears that a majority of the states hold that enforcement of a lien is merely suspended until the purchasing taxing unit sells to an individual. Upon the sale of the property the lien is enforcible as against the purchaser. The general rule seems to be that the lien of a municipality for delinquent municipal taxes is not affected by a sale of land for delinquent state and county taxes. When the state and county lien is foreclosed, without the liens of the other taxing units being ad-

judicated, the foreclosed lien is extinguished, the other liens become paramount, and the purchaser of the property foreclosed takes it subject to such liens. Gulf States Land & Improvement Co. v. Parker et al., C.C., 72 F. 399; Bonner v. Board of Directors of St. Francis Levee Dist., 77 Ark. 519, 92 S.W. 1124; Knowles v. Morris, 6 Pennewill, Del. 76, 65 A. 782; Smith et al. v. City of Arcadia, 147 Fla. 375, 2 So.2d 725, 135 A.L.R. 1458; Gamet's Estate v. Lindner et al., 159 La. 658, 106 So. 22; 51 American Jurisprudence 892. Thus, the liens securing the taxes assessed by the appellants, prior to the foreclosure proceedings of the County and State, became paramount after title to the lots vested in the State, and the appellee purchased the property subject to these liens.

■ Next, the appellants contend they may seize and sell the lots for the delinquent taxes assessed by them during the time the property was owned by the State. The appellants' contention is not well taken. There is no statute warranting a fixing of a lien against the land for taxes during the time it was held by the State. The contention that taxes accrued against the property while held by a taxing unit has been rejected by the courts of this state. State v. City of Houston et al., Tex.Civ.App., 140 S.W.2d 277, writ refused; City of Austin v. Sheppard, supra; State v. Moak et al., Tex.Civ.App., 207 S.W.2d 894; City of San Antonio v. Earnest, 144 Tex. 83, 188 S.W.2d 775.

■ Third, the appellants assert that the appellee bought the lots subject to the delinquent taxes, although the delinquent tax rolls were not recorded with the county clerk. The appellants are correct in this contention. As a home rule municipal corporation, the appellant, City of Lubbock, maintained a tax assessor and tax collector during the years covered in this case; the appellant, Lubbock Independent School District, also maintained a tax assessor and collector during these years. It was the appellee's duty to ascertain from the tax collector of these taxing units the amount of taxes, if any, due on the lots at the time of his purchase of them, and there does not appear any legal reason why the evi-

190

dence of the liens should be recorded elsewhere other than the place where the official records of each of these appellants were kept. Heisig v. Vaughn and Gardner, Tex.Civ.App., 15 S.W.2d 113, writ refused.

Fourth, the appellants contend that costs in a tax suit cannot be charged against a home rule municipal corporation or an independent school district, taxing units of the State of Texas. In its judgment the trial court charged all costs, including a fee to the attorney ad litem, against the appellants, as well as against the County of Lubbock and the State of Texas, and ordered that the appellee recover his costs. The appellants' assertion is well taken, and in support of our position we cite these authorities. Republic Ins. Co. v. Highland Park Independent School Dist. of Dallas County, Tex.Civ.App., 57 S.W.2d 627, writ refused and dismissed; Grant et al. v. Ellis, Tex.Com.App., 50 S.W.2d 1093; Sour Lake Independent School Dist. v. Easterling et al., Tex.Civ.App., 142 S.W.2d 237, writ refused; Articles 7297, 7333, 7337, 7343, Vernon's Revised Civil Statutes.

Finally, the appellant, Lubbock Independent School District, contends that Article 7298, Vernon's Revised Civil Statutes, is tolled during the period the State held title to the lots. This statute provides "that no suit shall be brought for the collection of delinquent taxes of a School District * * * unless instituted within ten years from the time the same shall become delinquent." From what we have said it is apparent that the Lubbock Independent School District could not have maintained a suit for delinquent taxes during the time the State of Texas held the lots in its sovereign capacity, and therefore Article 7298 was tolled during that time. Hume v. Perry et al., Tex.Civ.App., 136 S.W. 594, error dismissed; 34 American Jurisprudence 152; and Miller v. Watkins et al., 194 Ark. 863, 110 S.W.2d 531, 111 S.W.2d 466, 113 A.L.R. 913.

In our opinion the appellants are entitled to the taxes on the property from 1919 until the time the title to the lots was vested in the State, and therefore we sustain the appellants' points of error in this connection. All of the other points of error raised by the appellants are overruled. Since we are unable accurately to ascertain from the record the amount of taxes assessed and due on the lots during this period, the judgment of the trial court is reversed and the cause is remanded with instructions that this sum be calculated, judgment entered accordingly, and the respective liens be foreclosed.