The Honorable Charlie Daniels State Land Commissioner State Capitol Building Little Rock, Arkansas 72201
Dear Mr. Daniels:
This is in response to your request for an opinion regarding the tax exempt status of property which is being leased to a church and used for church purposes.
Under Arkansas law, all real and personal property is subject to ad valorem taxation unless specifically exempted by the Arkansas Constitution. Ark. Const. Art. 16, 6. The only exemptions authorized by the Constitution are found in Art. 16, 5, which provides:
 The following property shall be exempt from taxation: public property used exclusively for public purposes; churches used as such; cemeteries used exclusively as such; school buildings and apparatus; libraries and grounds used exclusively for school purposes; and buildings and grounds and materials used exclusively for public charity.
In listing property generally exempt from taxation, the Arkansas Code Annotated states in pertinent part as follows:
 All property described in this section, to the extent limited, shall be exempt from taxation:
 (1) All public schoolhouses and houses used exclusively for public worship and the grounds attached to these buildings necessary for the proper occupancy, use, and enjoyment of the buildings, not leased or otherwise use with a view of profit;
* * *
 . . . all dedicated church property, including the church building used as a place of worship, buildings used for administrative or missional purposes, the land upon which the church buildings are located, all church parsonages, any church educational building operated in connection with the church including a family life or activity center, a recreation center, a youth center, a church association building, a day-care center, a kindergarten, or a private church school.
A.C.A. 26-3-301(1) and (11)(A) (Supp. 1987).
It is my opinion that the exemption provided under Art. 16, 5 for "churches used as such" will only apply in this instance if the property has been dedicated for use as a church. This interpretation is indicated by A.C.A. 26-3-301(11)(A) and is compelled by the rule that "tax exemptions are given a strict interpretation against the assertions of the taxpayer and in favor of the taxing power." 3 Sutherland Statutory Construction, Tax Exemptions 66.09 (1974). See also Hilger v. Harding College, Inc., 231 Ark. 686, 331 S.W.2d 851 (1960).
The language of 26-3-301(11)(A) with respect to "dedicated church property" indicates that the exemption for "churches used as such" should be construed to require some degree of ownership by a church. The word "dedicate" is defined in Black's Law Dictionary, 5th Ed., as: "to appropriate and set apart one's private property to some public use." The definition of "dedication" in Black's includes: "a deliberate appropriation of land by its owner for any general and public uses, reserving to himself no other rights than such as are compatible with the full exercise and enjoyment of the public uses to which the property has been devoted." It may be concluded that a receipt of rents and profits in connection with a lease removes the subject property from the exemption for "dedicated" church property.
The receipt of rents and profits would also appear to preclude the application subsection (1) of A.C.A. 26-3-301. This provision clearly extends the exemption to property that is used "exclusively for public worship . . ., not leased or otherwise used with a view to profit." Although there are no Arkansas cases directly on point, the case of Ponder v. Richardson, 213 Ark. 238,210 S.W.2d 316 (1948) offers significant guidance with respect to a court's probable construction of Ark. Const. Art. 16, 5 and A.C.A. 26-3-301 in this instance. That case involved the exemption under Art. 16, 5 for "cemeteries used exclusively as such," and A.C.A. 26-3-301(3) which exempts "[a]ll lands used exclusively as graveyards on grounds for burying the dead, except those held by any person, company, or corporation with a view to profit or for the purpose of speculation in the sale thereof." The grant of an exemption was based upon the court's finding that "[t]his cemetery was a public burying ground and was held with no view to profit."213 Ark. at 241. It seems clear that the exemption would not have applied if the property was "held with [a] view to profit," notwithstanding the fact that it was a cemetery.
The similarity between the language of Art. 16, 5 with respect to churches and cemeteries, as well as the pertinent language of26-3-301(1) and (11)(A) regarding use of the property "with a view to profit," all support the proposition that the rational set forth in Ponder v. Richardson, supra, will apply in this instance to preclude the property's exemption from taxation.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.