Mr. Frederick B. Karl Hillsborough County Attorney Post Office Box 1110 Tampa, Florida 33601
Dear Mr. Karl:
Your questions on behalf of the Tax Collector's Office Hillsborough County may be substantially restated as follows:
Where a municipality acquires properties through foreclosure and there are delinquent ad valorem taxes or prorated current ad valorem taxes due at the time of the foreclosure, may the tax collector proceed to sell tax certificates and process tax deeds on the subject real property acquired by the municipality?[1]
In sum, I am of the opinion that:
The tax collector may, pursuant to ss. 197.432 and 197.502, F.S., proceed to sell tax certificates and process applications for tax deeds on the subject real property acquired by the municipality.
In your request for this opinion, you have stated the following:
Briefly, the City of Tampa has acquired numerous parcels of real estate to enforce and satisfy its code enforcement fees and/or liens pursuant to Chapter 162, F.S. and to enforce and satisfy its moving and demolition liens pursuant to Chapters 57-1893 and 76-495, Laws of Florida. In some instances the real property was acquired by foreclosure and in others the real property owners have issued warranty or quit-claim deeds to the City of Tampa to avoid foreclosure proceedings. Many of the parcels acquired have delinquent (sic) ad valorem taxes and outstanding tax certificates on the real property, including the current non-prorated ad valorem tax. No notice of the foreclosure proceedings was given to the County or to the tax-lien holders. Prior to the City's acquisition of the real property in question, the taxpayers did not pay the taxes due from prior years; nor did the taxpayers place an amount equal to the taxes in escrow, as required by Sections 196.295(1) and (2) F.S.
To provide some measure of protection to governmental units who acquire fee title to property, s. 196.295, F.S., provides:
(1) In the event fee title to property is acquired between January 1 and November 1 of any year by a governmental unit exempt under this chapter by any means except condemnation or is acquired by any means except condemnation for use exclusively for federal, state, county, or municipal purposes, the taxpayer shall be required to place in escrow with the county tax collector an amount equal to the current taxes prorated to the date of transfer of title, based upon the current assessment and millage rates on the land involved. This fund shall be used to pay any ad valorem taxes due, and the remainder of taxes which would otherwise have been due for that current year shall stand canceled.
(2) In the event fee title to property is acquired by a governmental unit exempt under this chapter by any means except condemnation or is acquired by any means except condemnation for use exclusively for federal, state, county, or municipal purposes, the taxpayer is required to pay all taxes due from prior years. However, if the taxpayer does not comply with the above provisions, the tax collector must proceed to collect the unpaid taxes.[2]
Section 197.432, F.S., sets forth the procedure for collecting unpaid taxes through sale of tax certificates. It requires, with two exceptions,[3] that the tax collector offer for sale all certificates.[4] Except in cases where municipal property becomes subject to taxation due to lease of the property to a nongovernmental lessee,[5] nothing exempts property owned by a municipality from having tax certificates issued against it for delinquent taxes.
Section 196.28, F.S., does allow the board of county commissioners to cancel and discharge any and all liens for taxes, delinquent or current, upon lands conveyed to, or acquired by a municipality. However, until that is done, the tax collector is charged with the collection of ad valorem taxes levied by the county.
Once the tax collector has offered a certificate and it is purchased, then the holder of the certificate may apply for a tax deed as set out in s. 197.502, F.S. I am not aware of any provision in Ch. 197, F.S., which would prevent the issuance of a tax deed for delinquent ad valorem taxes against property now held by a municipality through foreclosure.
Moreover, the Florida Supreme Court, in Smith v. City of Arcadia,[6] specifically held that where a municipality had foreclosed its tax liens without notice to the holders of the county or state liens, it took defeasible title subject to those liens, and had the same right that any other purchaser had to redeem the lands from the then outstanding lien for county or state taxes. The Court said if there was any hardship, it was because the municipality had failed to exercise its rights under the law, and any issuance of a tax deed would extinguish the foreclosure deed to the municipality.[7]
In Kostecos v. Johnson,[8] the Florida Supreme Court, recognizing that the city had due notice of the application for state and county tax deed, reaffirmed its earlier decision in Smith v. City of Arcadia that a subsequent tax deed took precedence. Although it recognized that the county could proceed against the city property through use of the tax deed process, it noted that, as long as the property was held by the county, no such process was available to the city.[9]
Based on the above, it is clear that the county tax collector has the duty to collect ad valorem taxes. A part of this collection process is the issuance of tax certificates, and, if the certificates are not redeemed, the certificate holder may apply for a tax deed as set out in s. 197.502, F.S. The exemptions from taxation provided by s. 3(a), Art. VII, State Const., and ss.196.192 and 196.199(1), F.S., do not change the fact that in a foreclosure by the city, the city takes title subject to the tax liens of the county. The tax liens are against the property and remain with the property.[10] Further, there are no provisions which exempt the municipality or prevent the tax certificate holder from proceeding in accordance with the provisions of s.197.502, F.S.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tcs
[1] Several of your questions relate to the duties and responsibilities of the City of Tampa. The authority of the Attorney General to render opinions is limited to public officials on questions of law relating to their own official duties. See, s.16.01(3), F.S. Accordingly, this office is precluded from formally commenting upon the city's responsibilities in the absence of a request from the city. Your questions, therefore, have been rephrased to address the responsibilities of the county tax collector.
[2] See, s. 192.001(4), F.S., which charges the tax collector "with the collection of ad valorem taxes levied by the county, the school board, any special taxing districts within the county, and all municipalities within the county."
[3] Section 197.432(4), F.S., provides, in pertinent part,
A tax certificate representing less than $100 in delinquent taxes on property that has been granted a homestead exemption for the year in which the delinquent taxes were assessed may not be sold at public auction but shall be issued by the tax collector to the county[.]
Section 197.432(9), F.S., provides, in pertinent part, that "[n]o certificate shall be sold on, nor any lien created in, property owned by any governmental unit the property of which has become subject to taxation due to lease of the property to a nongovernmental lessee. . . ."
[4] The last sentence of s. 197.432(1), F.S., provides: "The tax collector shall offer all certificates on the lands as they are assessed."
[5] See, s. 197.432(9), F.S.
[6] See, Smith v. City of Arcadia, 2 So.2d 725, 728 (Fla. 1941).
[7] See, Smith, supra at 728, 730.
[8] 85 So.2d 594, 600 (Fla. 1956).
[9] See, Kostecos, supra at 600.
[10] See, ss. 192.053 and 197.122, F.S., Lee v. Carpenter,132 So.2d 433, 436 (2 D.C.A. Fla., 1961), and Smith, supra at 728.