

# Office of the Attorney General
## State of Texas

DAN MORALES
ATTORNEY GENERAL

December 10, 1992

Honorable Marcus D. Taylor
Criminal District Attorney
Wood County
P. O. Box 689
Quitman, Texas 75783

Opinion No. DM-187

Re: Whether property seized by the state pursuant to the Code of Criminal Procedure, chapter 59, is exempt from property taxes (RQ-233)

Dear Mr. Taylor:

You ask whether property seized by the state pursuant to chapter 59 of the Code of Criminal Procedure is exempt from *ad valorem* property taxes. If it is tax-exempt, you ask at what time the tax exemption takes effect and how long it applies. We conclude that such property is exempted from taxation by section 11.11 of the Tax Code. The tax exemption becomes effective on the date title vests in the state under the terms of chapter 59 and applies for as long as title rests with the state and the property is used for public purposes.

Chapter 59 of the Code of Criminal Procedure, enacted in 1989, provides for the forfeiture of contraband seized by peace officers employed by law enforcement agencies of the state and its political subdivisions. The chapter generally provides that property classified as contraband is subject to seizure and forfeiture under the chapter. Code Crim. Proc. art. 59.02(a). "Contraband" is defined as property of any nature (including real, personal, tangible, or intangible property) that is used or intended for use in the commission of certain enumerated felonies. *Id.* art. 59.01(2).[1] A peace officer may seize property subject to forfeiture either with or

_____

[1]Property is contraband if it is used in the commission of first or second degree felonies under the Penal Code; felonies under chapters 29, 30, 31, or 32 of the Penal Code; or felonies under the Texas Securities Act, V.T.C.S. art. 581-1 *et seq.* Property that is used or is intended to be used in the commission of felonies under the Texas Controlled Substances Act, Health and Safety Code chapter 481; chapter 483 of the Health and Safety Code; or V.T.C.S. article 350 is also classified as contraband. Code Crim. Proc. art. 59.01(2).

without a warrant in accordance with the chapter and must notify the attorney representing the state of such a seizure within 72 hours of the event. *Id.* art. 59.03.

The attorney representing the state[2] must commence forfeiture proceedings by filing a notice of the seizure and intended forfeiture with the clerk of the district court not later than the 30th day after the date of the seizure. *Id.* art. 59.04(a), (b). Notice is given to owners and interest holders of property seized pursuant to chapter 59 in accordance with the rules governing service of process in civil cases. *Id.* art. 59.04(b). If the seized property is real property, the attorney representing the state must file with the county clerk in each county where the property is located a *lis pendens* notice describing the property. *Id.* art. 59.04(g). This notice must be filed not later than the third day after the date forfeiture proceedings are commenced. *Id.*

Forfeiture proceedings under chapter 59 are conducted in accordance with rules and principles governing civil cases. *See id.* art. 59.05(a), (b). If the court finds that the state has proven by a preponderance of the evidence that all or part of the seized property is subject to forfeiture, the judge shall forfeit the property to the state. *Id.* art. 59.05(b), (e). A final judgment of forfeiture under chapter 59 perfects the state's title to the forfeited property. *Id.* art. 59.06(f). The attorney representing the state acts as the state's agent in receiving and disposing of forfeited property. *Id.* art. 59.05(e). On final judgment of forfeiture, the attorney representing the state shall dispose of the property as provided by article 59.06. *Id.*[3]

In the absence of an agreement with local law enforcement agencies regarding the disposition of the property, forfeited property must be sold at public auction on the 75th day after the date of final judgment of forfeiture. *Id.* art. 59.06(a). The sale is conducted under the direction of the county sheriff after notice is provided in accordance with laws governing sheriff's sales. *Id.* Proceeds of the sale are distributed in accordance with article 59.06.

---

[2]"Attorney representing the state" is defined as the prosecutor with felony jurisdiction in the county in which a forfeiture proceeding is held. Code Crim. Proc. art. 59.01(1).

[3]Chapter 59 allows owners and interest holders of seized property to replevy the property pending the forfeiture hearing. Code Crim. Proc. art. 59.02(b). The chapter also allows holders of nonforfeitable interests in seized property to protect their interests in the property prior to final judgment of forfeiture. *Id.* arts. 59.02(c) (describing nonforfeitable interests), 59.05(e).

You explain that on October 23, 1989, the Wood County Sheriff's Department seized 723.796 acres in Wood County pursuant to a valid search warrant. Following notice of the seizure to taxing units and the holder of a Deed of Trust to 564.796 acres of the property, the taxing units filed suit for taxes due in 1989. The interest holder subsequently sought to foreclose on the entire 723.796 acre tract, but ultimately agreed to foreclose on only the 564.796 acres.

You state that forfeiture could not be obtained on the remaining 159 acres until October 26, 1990. We assume this to mean that final judgment of forfeiture was obtained on that date. You also state that the property was posted for sale in accordance with chapter 59. At the sale the tax assessor-collector of a taxing unit announced that over $8000 in delinquent property taxes were owed on the property. You indicate that the announcement resulted in the cancellation of the sale. The property remains unsold.

You first ask whether property forfeited to the state pursuant to chapter 59 is exempt from property taxes. Article VIII, section 1 of the Texas Constitution provides in part that "[a]ll real and tangible personal property in the State ... shall be taxed in proportion to its value, which shall be ascertained as provided by law." Article VIII, section 2(a) provides in pertinent part that the "legislature may, by general laws, exempt from taxation public property used for public purposes."[4] Pursuant to this provision, the legislature has enacted section 11.11 of the Tax Code, which provides the following in part:

> (a) Except as provided by Subsections (b) and (c) of this section, property owned by this state or a political subdivision of this state is exempt from taxation if the property is used for public purposes.

Subsections (b) and (c) provide for the taxation for county purposes of land owned by the Permanent University Fund and for the taxation of certain land owned by counties for the benefit of the public schools. Subsections (d) through (g) supply additional qualifications to the general tax exemption provided in subsection (a). They are not relevant to this opinion.

---

[4]Article XI, section 9 of the Texas Constitution in pertinent part exempts from taxation "property of counties, cities and towns, owned and held only for public purposes, ... and all other property devoted exclusively to the use and benefit of the public ...." This provision is self-executing but has not been interpreted to apply to property owned by the state. *See* Attorney General Opinion JM-1049 (1989) at 2 n.1.

The critical inquiry under these provisions is whether the public property in question is used for a public purpose. The courts instruct that the test for public purpose is whether the public property is used primarily for the health, comfort, and welfare of the public. *A & M Consol. Indep. Sch. Dist. v. City of Bryan*, 184 S.W.2d 914 (Tex. 1945); *State v. Houston Lighting & Power Co.*, 609 S.W.2d 263 (Tex. Civ. App.--Corpus Christi 1980, writ ref'd n.r.e.). Consequently, public property that is acquired and held with the intention that it *not* be used primarily for the health, comfort, and welfare of the public is not entitled to a tax exemption under these provisions. *See Grand Prairie Hosp. Auth. v. Dallas County Appraisal Dist.*, 730 S.W.2d 849 (Tex. App.--Dallas 1987, writ ref'd n.r.e.).

As you note in your brief, no authority appears to address your first question directly. You argue, however, that property forfeited to the state should be considered tax-exempt, drawing an analogy to cases involving property acquired by political subdivisions through tax foreclosures or tax sales. *See City of Austin v. Sheppard*, 190 S.W.2d 486 (Tex. 1945). These cases uniformly hold that the acquisition of property by a political subdivision under these circumstances and the holding of such property for resale constitutes a public purpose under the constitutional and statutory tests. Property so acquired and held is therefore tax-exempt. *See also State v. City of San Antonio*, 209 S.W.2d 756 (Tex. 1948); *State v. Moak*, 207 S.W.2d 894 (Tex. 1948); *Eason v. David*, 232 S.W.2d 427 (Tex. Civ. App.--Beaumont 1950, writ ref'd n.r.e.); *Lubbock Indep. Sch. Dist. v. Owens*, 217 S.W.2d 186 (Tex. Civ. App.--Amarillo 1948, writ ref'd).

We believe these cases plainly demonstrate that, where the state or its political subdivisions are authorized to acquire and dispose of property pursuant to express statutory authorization, the acquisition and use of the property pending its disposal is *prima facie* a public purpose. Taxing units are authorized to acquire and dispose of real property in satisfaction of taxes due on the property. Tax Code §§ 34.01(c); 34.05. Thus, the legislature has anticipated and authorized public ownership and sale of property for purposes of collecting property taxes.

Similarly, Attorney General Opinion JM-1049 (1989) concluded that lands set aside by article VII, section 2 of the Texas Constitution for the benefit of the public free schools are exempt from ad valorem taxation even where such property is leased for compensation to private individuals to be used for purposes not related to the performance of the duties and functions of the School Land Board. The opinion concluded that the manifest public purpose of article VII, section 2 was not that land set aside for educational purposes under the provision actually be used for

educational purposes, but that income from such property be used for such purposes. *See also* Attorney General Opinion JM-1085 (1989) (real property comprising the Veterans' Land Fund, including land forfeited to the state on default of a purchaser, is exempted from ad valorem taxation to the state).

In our opinion, the public ownership of property forfeited to the state pursuant to chapter 59 of the Code of Criminal Procedure undoubtedly serves a public purpose within the meaning of the constitutional and statutory provisions described above. Under chapter 59, forfeited property may be used by law enforcement agencies for official purposes. Code Crim. Proc. art. 59.06(b). In the alternative, the property may be sold, with the proceeds of the sale deposited in the general revenue fund of the state treasury or distributed to law enforcement agencies and the attorney representing the state for law enforcement purposes or drug and alcohol abuse treatment and prevention programs. *Id.* art. 59.06(c), (h). In either case, forfeited property (or its proceeds) clearly is used to promote the health, comfort, and welfare of the public. Accordingly, we conclude that property forfeited to the state pursuant to chapter 59 of the Code of Criminal Procedure is exempt from ad valorem taxation so long as the property is used for public, as opposed to private, purposes.

Your second question concerns the time at which the exemption takes effect. It is clearly established that public property is tax-exempt during the time title is vested in the political subdivision, provided, of course, that the property is used for public purposes during that period. *See City of San Antonio*, 209 S.W.2d 756; *Moak*, 207 S.W.2d 894; *Lubbock Independent School District*, 217 S.W.2d 186. Article 59.06(f) of the Code of Criminal Procedure provides the following:

> (f) A final judgment of forfeiture under this chapter perfects the title of the state to the property as of the date that the contraband was seized or the date the forfeiture action was filed, whichever occurred first, *except that if the property forfeited is real property, the title is perfected as of the date a notice of lis pendens is filed on the property*. [Emphasis added.]

The notice of *lis pendens* must be filed not later than the third day after the date forfeiture proceedings are commenced. Code Crim. Proc. art. 59.04(g). Consequently, in accordance with article 59.06, forfeited real property becomes tax-exempt from the time title vests in the state following a final judgment of forfeiture under chapter 59, *i.e.*, the date notice of *lis pendens* is filed describing the property.

The tax exemption applies for as long as title rests with the state and the property is used for public purposes.

## S U M M A R Y

Real property forfeited to the state pursuant to chapter 59, Code of Criminal Procedure, is exempt from *ad valorem* taxation. The exemption is effective as of the date title to the property vests in the state following a final judgment of forfeiture under chapter 59, *i.e.*, the date notice of *lis pendens* is filed describing the property. Code Crim. Proc. art. 59.06(f). The tax exemption applies for as long as title rests with the state and the property is used for public purposes.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Steve Aragón
Assistant Attorney General