THE CITY OF AUSTIN V. GEORGE H. SHEPPARD, COMPTROLLER.

No. A-629. Decided November 21, 1945.
(190 S. W., 2d Series, 486.)

*W. T. Williams, City Attorney,* and *Joe B. Roberts,* Assistant City Attorney, both of Austin, for relator.

*Grover Sellers,* Attorney General, and *Geo. W. Barcus,* Assistant Attorney General, for respondent.

Although Article 11, section 9, of the Constitution provides that property of cities and towns held only for public purposes are exempt from taxation, the same section further provides that "all laws exempting property from taxation other than the property above mentioned shall be null and void," and where the facts show that the property in question was acquired at foreclosure sale for taxes and there was no contention that it was purchased for any public purpose or that it was used or was suitable for public purposes, does not exempt it from taxation. Town of Benson v. Johnson County, 209 N. C. 751, 185 S. E. 6; City of Paducah v. Commonwealth, 297 Ky. 107, 178 S. W. (2d) 982; Shelby County v. McCanless, (Tenn.) 163 S. W. (2d) 63.

MR. JUSTICE SHARP delivered the opinion of the Court.

The City of Austin seeks by mandamus to compel George H. Sheppard, Comptroller, to cancel the taxes assessed for State and County purposes against certain property purchased by the City of Austin through valid tax foreclosure proceedings and now held by the City. The following facts are undisputed:

1. That the City of Austin is a municipal corporation organized under Section 5 of Article XI of the State Constitution and under Chapter 13, Title 28, of the Revised Statutes of Texas, and that George H. Sheppard is Comptroller of the State of Texas.

2. That the real estate involved here is situated within the corporate limits of the City of Austin, and taxes thereon were by the City Council of the City of Austin levied and ordered to be assessed and collected for the municipal purpose of raising revenue with which to pay for police and fire protection, the protection of the public health, safety, comfort, and general welfare of the public, and for the support and maintenance of the public schools of the City of Austin.

3. That the taxes so assessed for city purposes against the property involved here were not paid, and the City instituted suits in the District Court of Travis County against the parties

against whom such assessments were made, and the City obtained valid judgments foreclosing its respective tax liens and ordering such property sold in order to obtain the taxes levied and assessed. The property was sold to the City under orders of sale issued on judgments of foreclosure, and deeds were executed by the Sheriff of Travis County. There were no other bidders for the said lots, and they were acquired by the City of Austin in its process of enforcement of the payment of taxes. The lots have not been rented to any one for any purpose, and have never been used for profit, except that two of them were used for a short time by the City in connection with its electric distribution system, and the City has received no revenue from the said property.

4. That after the sale of the real estate to the City of Austin, the County tax officials of Travis County assessed taxes against the same for State and County purposes during the time the title of the property had been vested in the City of Austin, and the taxes so assessed in favor of the State of Texas and Travis County are claimed by respondent to have been lawfully assessed in favor of the State of Texas and Travis County and that such assessments constitute valid claims against the real estate.

5. That the property was purchased by the City of Austin under foreclosure of tax liens in favor of the City of Austin against the property; which taxes were assessed for the public purpose of the City, and no part of the taxes was usable for any purpose.

6. That it has been the effort of the City to sell the said lots, in order to obtain its tax money, and the property has been held by the City for the sole purpose of reselling it in order to obtain its tax money for its public purposes.

It is undisputed that the property so purchased is merely being held by the City until it can find purchasers who are willing to pay the prices asked therefor. The sole question presented for determination in this case is whether the property acquired by the City of Austin under tax foreclosure proceedings is subject to taxation by the State and County.

Article XI, section 9, of the Constitution in part reads:

"The property of counties, cities and towns owned and held only for public purposes, * * * and all other property devoted exclusively to the use and benefit of the public shall be exempt from * * * taxation."

The City of Austin is a municipal corporation and a political subdivision of the State. Article XI of the State Constitution; Corporation of San Felipe de Austin v. State of Texas, 111 Texas 108, 229 S. W. 845.

The State contends that the property involved is not exempt from taxation. In support of its contention the following authorities are cited: Herkimer County v. Village of Herkimer, 251 App. Div. 126, 295 N. Y. Supp. 629, affirmed by Court of Appeals, 279 N. Y. 560, 18 N. E. 854; Town of Benson v. Johnston County, 209 N. C. 751, 185 S. E. 6; City of Paducah v. Commonwealth, 297 Ky. 107, 178 S. W. (2d) 982; City of Covington v. Commonwealth, 39 S. W. 836; Shelby County v. McCanless, 163 S. W. (2d) 63; School District of Ft. Smith v. Howe, 62 Ark. 481, 37 S. W. 717.

Relator, on the other hand, contends that under the facts of this case the property involved here is used by the City of Austin for public purposes and therefore is exempt from taxation.

In view of the provision of our Constitution relating to this question, it would serve no useful purpose to indulge in a general discussion of the rule as applied in other jurisdictions. For a general discussion of the rule as applied elsewhere the following annotations of cases are cited; 3 A. L. R., 1435; 101 A. L. R., 787; 129 A. L. R., 480.

That the property involved here is public property, is held for public purposes, and is exempt from taxation by virtue of the provision of the Constitution, is amply supported by the decisions of this State. A. & M. Consolidated Independent School District v. City of Bryan, 143 Texas 348, 184 S. W. (2d) 914; City of San Antonio v. Earnest, 144 Texas 83, 188 S. W. (2d) 775; Galveston Wharf Co. v. City of Galveston, 63 Texas 14; City of Abilene v. State, 113 S. W. (2d) 631 (writ dismissed); State v. City of Houston, 140 S. W. (2d) 277 (writ refused).

The mandamus will issue as prayed for.

Opinion delivered November 21, 1945.