**STATE v. CITY OF SAN ANTONIO et al.**

**No. 11731.**

Court of Civil Appeals of Texas. San Antonio.

Oct. 29, 1947.

Rehearing Denied Nov. 26, 1947.

William N. Hensley and James C. Brady, both of San Antonio, for appellant.

T. D. Cobbs and William C. Davis, both of San Antonio, for appellees.

NORVELL, Justice.

The State of Texas, on behalf of itself and the County of Bexar, has appealed from a judgment denying a recovery for State and County taxes claimed to be due and owing upon Lot 8 in the east one-half of Block 14, New City Block 611, in the City of San Antonio, for the years 1941 to 1945, inclusive. Appellees are the City of San Antonio and San Antonio Independent School District.

The case was heard by the court without a jury. The transcript contains a stipulation as to certain controlling facts. It appears from the recitations contained in the judgment that on September 24, 1938, the City of San Antonio and San Antonio Independent School District recovered a judgment against one T. E. Barnes for taxes due said city and district for the fiscal years 1930 to 1937, both inclusive. Tax liens against the property above described and here involved were ordered foreclosed. At the subsequent tax sale the city and district bought in the property. It does not appear that either the State of Texas or the County of Bexar was a party to these proceedings. The court below found that "the period of redemption prescribed by law on the above parcel of land expired on December 27th, 1940, and that since said day and date of December 27th, 1940, the title to the above described parcel of land has been vested in the City of San Antonio and San Antonio Independent School District owning and holding the title to said property solely for the purpose of collecting taxes thereon * * *."

As to the years 1930 to 1940, inclusive, the court found that the property was subject to State and County taxes amounting to $510.80, with penalty and interest.

The judgment recites that: "Defendants City of San Antonio and San Antonio Independent School District having offered and tendered in court said sum of $510.80 being the amount of the judgment recovered by plaintiffs in this suit, it is ordered by the court that the said sum be paid to the clerk of this court for the payment and satisfaction of this judgment and it is further ordered and decreed by the court that all costs of court be taxed against the defendants."

The trial court's judgment denying a recovery of State and County taxes for the years 1941 to 1945, both inclusive, and cancelling the tax assessments for said years, is based upon the theory that said property was exempt from taxation by

virtue of Article XI, section 9, of the Texas Constitution, Vernon's Ann.St. which reads as follows:

"The property of counties, cities and towns, owned and held only for public purposes, such as public buildings and the sites therefor. Fire engines and the furniture thereof, and all property used, or intended for extinguishing fires, public grounds and all other property devoted exclusively to the use and benefit of the public shall be exempt from forced sale and from taxation."

In our opinion the trial court rendered the proper judgment on the facts. City of Austin v. Sheppard, 144 Tex. 291, 190 S.W. 2d 486, 162 A.L.R. 1116.

It appears from the stipulation in the transcript that the city and school district did not go into actual physical possession of the property when they became the "owners" thereof in 1940, nor for some years thereafter. T. E. Barnes remained in possession of the property until some time in 1946, when, after a judgment against him in trespass to try title was obtained, a writ of possession was finally issued.

█ In view of these facts, the State contends that the property was not "owned and held" by the City during the years 1941 to 1945, within the constitutional meaning. It is insisted that the word "held" refers to possession and the city and district by failing to obtain actual possession, and allowing Barnes to derive a private benefit from the use of the property, can not assert that the same was not liable for the payment of State and County taxes.

█ We do not believe the suggested distinction between this case and Austin v. Sheppard, 144 Tex. 291, 190 S.W.2d 486, 162 A.L.R. 1116, is tenable. Under the trial court's findings, the city and district became the owners of the property on December 27, 1940, and *entitled* to immediate possession thereof. The failure to obtain such possession may have been due to some oversight or negligence of the agents or servants of the city and district, but this could not affect the status of the property under Article XI, Section 9, of the Constitution. Rolison v. Puckett, Tex. Sup., 198 S.W.2d 74.

By cross-point, the city and district attack that part of the judgment awarding the State and County a recovery of $510.80 for the years 1930 to 1940, inclusive.

As above pointed out, this sum of money was tendered into court by the city and district and upon the trial it was stipulated that the property was subject to State and County taxes for said years 1930 to 1940, inclusive.

By a substitute appellees' brief, it is suggested that the attorney who tried the suit in the lower court was not authorized to agree to that part of the stipulation mentioned. It is insisted that when the city and district acquired title to the property all prior State and County taxes levied upon said property were thereby cancelled, and consequently the then attorney for the city and district could not legally agree that State and County taxes were due upon the property.

█ In our opinion, the stipulation upon which this case was tried was one which the trial attorney, representing the city and school district, was authorized to make. The stipulation will be upheld unless its illegality is disclosed by the record. As above pointed out, it does not appear that either the State or County was a party to or had notice of the tax lien foreclosure proceedings whereby the city and school district acquired title to the property. The State and County taxes and liens securing the same were unaffected by such proceedings. Sanchez v. Hillyer-Deutsch-Jarratt Co., Tex.Civ.App., 27 S.W.2d 634; Willacy County Water Control and Improvement District No. One v. Lewis, Tex.Civ.App., 119 S.W.2d 159. The attorney was authorized to agree as to the amount of State and County taxes due against the property for the years 1930 to 1940, inclusive, and that the same constituted a charge against the property involved.

The judgment appealed from is affirmed.