**Charles D. YARBOROUGH et al., Petitioners,**

v.

**INDUSTRIAL ACCIDENT BOARD, Respondent.**

No. 12453.

Court of Civil Appeals of Texas, Austin.

June 9, 1976.

Rehearing Denied June 30, 1976.

---

Frank H. Pope, Jr., Law Offices of Yarborough & Pope, Inc., Bedford, for petitioners.

John L. Hill, Atty. Gen. of Texas, Anthony J. Sadberry, Asst. Atty. Gen., Austin, for respondent.

PHILLIPS, Chief Justice.

Petitioners, Eddie B. Carter and the law offices of Yarborough & Pope, Inc., brought this action in the trial court seeking a writ of mandamus to compel Respondent, Industrial Accident Board, to hold a final hearing on a workman's compensation claim.

Upon hearing, the court sustained certain special exceptions to a Petitioners' petition and dismissed the case. We reverse this judgment and remand the case to the trial court.

Petitioners alleged that Eddie B. Carter received serious accidental injuries in a motor vehicle accident while in the course and scope of his employment for Bridgeport Drapery and Carpet Company, which company was insured at this time with a policy of workman's compensation insurance issued by National Automobile & Casualty Insurance Company.

A guardianship was established on Carter's behalf and his mother was appointed temporary guardian. As temporary guardian, she appointed Petitioner's law firm as attorneys for Carter to pursue his claim.

At a prehearing conference held before the Fort Worth office of the Board, the parties hereto failed to reach a settlement as Carter's attorneys demanded lifetime (open) medical benefits, which insurer refused to offer, even though the insurer did offer Carter total and permanent lump sum compensation benefits.

Four days later, the Industrial Accident Board, on its own motion, canceled a final hearing which had previously been set for September 26, 1975. Then on October 6, 1975, the Board entered a "nonappealable" order. Petitioners then brought this proceeding in mandamus.

In its order of October 6, the Board ordered the insurer to pay Carter's guardian 26 weeks at $70 per week compensation benefits, with $59.50 (85%) per week to be paid to Carter's guardian, and $10.50 (15%) per week to be paid to the law offices of Yarborough & Pope, Inc., as attorney's fees. This order stated that it "is not a final award of the Board and no appeal shall be taken therefrom."

Although Petitioners are before us on a number of points of error, their principal

complaint, and the primary reason for bringing the mandamus action, is to force the Board to hold a final hearing in which this administrative proceeding can be finally determined.

At the trial of this case, the Board, represented by the Attorney General, levied a number of special exceptions to Petitioner's petition, which exceptions were sustained and the case was dismissed.

The only question raised by special exception that we need notice, and the one that goes to the heart of this matter, is the Board's assertion that under Tex.Rev.Civ. Stat.Ann. art. 8309a (Supp.1975), it has the discretion to issue the "nonappealable" order complained of above.

Article 8309a is as follows:

"Art. 8309a. Hearing of claim by Industrial Accident Board; postponement of hearing

"When an injured employee of a subscriber under the Workmen's Compensation Act has sustained an injury in the course of employment and filed claim for compensation and given notice as required by law, the Industrial Accident Board shall hear his claim for compensation within a reasonable time.

"Provided, however, the Industrial Accident Board may, in its discretion, delay or postpone the hearing of such claim under the following circumstances and no appeal shall be taken from any such order of the Board:

"(a) When such injured employee is being paid compensation as provided in the Workmen's Compensation Act, and the Insurance Association is furnishing either hospitalization, chiropractic service or medical treatment to such employee.

"(b) When the parties have failed to file all written medical reports that are available from a duly licensed physician or chiropractor covering the injury after being directed to do so in writing by the Board."

Petitioners pleaded: "Since the date of the Board's said order, the insurance carrier has failed, neglected or refused to make payment of the following medical expenses, which, to the best of Relator's information and belief, are still outstanding and unpaid:

Arlington Neurosurgical Association _____ $ 40.00
Radiology Associates _____ $ 43.00
Bridgeport Hospital _____ $135.20

Under said order, the Claimant has no recourse against the insurance carrier for such non-payment."

The general rule in Texas is that where the effect of the sustaining of special exceptions is to dismiss the suit as not stating a cause of action, the exceptions are the equivalent of a general demurrer, and the allegations of the petition must be taken as true by an appellate court reviewing the dismissal. *Hazlitt v. Provident Life and Accident Insurance Company*, 212 S.W.2d 1012 (Tex.Civ.App.1948), aff'd, 147 Tex. 426, 216 S.W.2d 805 (1949); *Farias v. Besteiro*, 453 S.W.2d 314 (Tex.Civ.App.1970, writ ref. n. r. e.); *City of Roma v. Starr County*, 428 S.W.2d 851 (Tex.Civ.App.1968, writ ref. n. r. e.).

By the terms of Article 8309a, the Industrial Accident Board is vested with discretion to delay the final hearing of a claim provided that ". . . the Insurance Association is furnishing either hospitalization, chiropractic service or medical treatment to such employee." Petitioners allege, and we must accept as true, that at least part of the medical expenses of the claimant have not been paid by the Insurance Association. As a result, upon the pleadings, the Board had no authority to postpone or delay the hearing.

We reverse the judgment of the trial court and remand the cause for proceedings consistent with this opinion.

Reversed and Remanded.