**LAW OFFICES OF YARBOROUGH & POPE, INC., et al.,**

v.

**NATIONAL AUTOMOBILE & CASUALTY INSURANCE COMPANY et al.**

No. 17897.

Court of Civil Appeals of Texas, Fort Worth.

Feb. 25, 1977.

Rehearing Denied March 25, 1977.

Yarborough & Pope, Inc., and Charles D. Yarborough, Bedford, for appellants.

McDonald, Sanders, Ginsburg, Phillips, Maddox & Newkirk, and Sam J. Day, Fort Worth, for appellee Insurance Company.

Parker & Candler, Bedford, for appellee Carter.

## OPINION

MASSEY, Chief Justice.

Involved is applicability, upon the dismissal of a case by the trial court, of provisions of law, as follows:

T.R.C.P. 93(n)(3) ("Certain Pleas to be Verified") provides:

"In the trial of any case appealed to the court from the Industrial Accident Board the following, if pleaded, shall be presumed to be true as pleaded and have been done and filed in legal time and manner, *unless denied by verified pleadings:*

"...

"(3) Award of the Board." (Emphasis supplied.)

It was pursuant to hearing of what amounted to a defendant insurer's plea to the jurisdiction of the court and motion to dismiss the plaintiffs' case (allegedly by appeal from a final ruling and decision of the Industrial Accident Board) that the trial court dismissed the case. It was from the order of dismissal that plaintiffs appealed.

We affirm.

◼ The determinative question is the applicability of the above quoted section of Rule 93 upon a hearing of a plea to the jurisdiction by defendant insurer. In due order of pleading under Texas practice a plea to the jurisdiction of the court is preliminary to a plea to the merits of plaintiff's suit, and, where heard and considered by the court, one to be treated as having been tried preliminary to any hearing of any other aspect of the case whether or not that was the actual form of the court proceedings. Especially is this true where the plea is sustained.

There seems to be no doubt of the intention that the Rule have application in an instance where the defendant's pleading should be construed as going to the merits of the action; that a "pleaded award of the Board" in such a case was meant to be treated as confessed unless verified denial be filed.

In the instant case the plaintiffs had been the attorneys for one E. B. Carter in proceedings before the Industrial Accident Board. Such was not true as applied to the proceedings in the trial court, to which Carter had been named as a party defendant. Objective of plaintiffs' suit was to recover 25% of the total award to Carter as their rightful attorney's fees rather than the 5% apparently intended by the Board. They plead that there had been a final and appealable award. The purported award was not incorporated in the pleadings.

The instant litigation has not been the only occasion for plaintiffs' complaint. They sought at an earlier time to compel action by the Industrial Accident Board. *Yarborough v. Industrial Acc. Bd.,* 538 S.W.2d 19 (Tex.Civ.App.-Austin 1976, writ ref'd n. r. e.).

◼ Here the insurer defendant, National Automobile & Casualty Insurance Company, filed what amounted to a plea to the jurisdiction of the court, in which it moved for dismissal of the plaintiffs' case. Defendant did not verify its plea. Though not referred to in Rule 93 it has long been considered by courts in Texas that such a plea must be verified. However, the failure to verify such a plea may be waived expressly or by implication, as by failure to object because of the failure. See *Sparks v. Bolton,* 335 S.W.2d 780, 785 (Tex.Civ.App.-Dallas 1960, no writ history) citing McDonald, Texas Civil Practice; 46 Tex. Jur.2d, p. 116, "Pleading", § 244 "(Verification)—In General", and at p. 145, § 258, "Objections for nonverification"; 45 Tex. Jur.2d, p. 759, "Pleading", § 193, "(Nonverification or Defective Verification—In General".

◼ Hearing upon the defendant insurer's plea to the jurisdiction was held by the

trial court without objection of the plaintiffs' attorney firm, and, to be presumed pursuant to their waiver of complaint, the defendant was permitted to make proof by evidence in support of its plea and motion. There was no motion to strike the plea. Since there has not been any statement of facts brought forward from the trial court, we are obliged to treat the evidence adduced upon its hearing as having supported the allegations of defendant in the display of facts evidencing that the trial court lacked jurisdiction.

Our holding is that the provisions of T.R.C.P. 93(n)(3) is without application to a plea to the jurisdiction of the court; that where the case before the trial court is one which has reached it pursuant to purported appeal from an award of the Industrial Accident Board any failure of the defendant to verify its plea to the jurisdiction of the court is not to be tested by that Rule.

Each point of error has been considered. All are overruled.