GRAND PRAIRIE HOSPITAL
AUTHORITY, Appellant,

v.

TARRANT APPRAISAL DISTRICT, Appraisal Review Board of Tarrant County, Texas, Arlington Independent School District, Elcia Fitzgerald, Tax Assessor-Collector, County of Tarrant, Texas, Reed Stewart, Tax Assessor-Collector, Dallas County Appraisal District, and Appraisal Review Board of Dallas County, Texas, Appellees.

No. 02–85–00180–CV.

Court of Appeals of Texas,
Fort Worth.

April 17, 1986.

Burford & Ryburn and Jeb Loveless, Larry Hallman and Joann Wilkins, Dallas, for appellant.

Cantey, Hanger, Gooch, Munn & Collins and S.G. Johndroe, Jr., Fort Worth, for appellees Tarrant Appraisal Dist. and Appraisal Review Bd.

Perdue, Brandon & Fielder and C. David Fielder and Greg M. McLaughlin, Arlington, for appellees Arlington Independent School Dist., and Elcia Fitzgerald, Tax Assessor-Collector.

Sallinger, Nichols, Jackson, Kirk & Dillard and Peter G. Smith and Roy L. Armstrong, Dallas, for appellees Dallas County

Appraisal Dist. and Dallas County Appraisal Review Bd.

Before BURDOCK, HILL and HUGHES (Retired, Sitting by Assignment), JJ.

## OPINION

BURDOCK, Justice.

Appellant, Grand Prairie Hospital Authority, is an entity organized under the provisions of the Hospital Authority Act, TEX.REV.CIV.STAT.ANN. art. 4437e (Vernon 1976) (hereinafter referred to as the "Act.") At the time of this suit, appellant owned a medical office building on property located in Grand Prairie, Tarrant County, Texas, and adjacent to the hospital it operated which was leased, in part, to physicians who were on the hospital's staff. In 1982, 1983 and 1984 appellee taxing authorities assessed taxes on the medical office building. Appellant brought suit in 1984 alleging that its property was exempt from taxation as a matter of law, seeking a declaratory judgment to that effect and an injunction to prevent appellees from including appellant's property on its tax roles. Appellant also sought a temporary injunction to enjoin any further action by appellees related to the taxing of appellant's property. Upon hearing appellees' pleas to the jurisdiction and in abatement, the trial court dismissed appellant's suit without prejudice.

We affirm.

Appellant's points of error allege the trial court erred in granting the appellee taxing authorities' pleas to the jurisdiction and in abatement because the trial court did have jurisdiction to 1) interpret and construe, and 2) rule on the constitutionality of, the statutes at issue. Appellant argues that its medical office building was exempt from taxation and that it did not need to comply with any legal or administrative proceeding under the Texas Tax Code in order to enforce that exemption. *See* TEX. TAX CODE ANN. sec. 11.01, et seq. (Ver-

non 1982). Appellant advanced two alternative theories in its amended pleadings on which to support its position—either that the Texas Tax Code should be construed so as not to apply to its property, or that the Code is unconstitutional to the extent that it is construed to so apply. Appellant claims that the Uniform Declaratory Judgments Act [1] specifically authorizes the District Court to make such a determination. Appellant contends the sole issue on appeal, then, is not whether the Code is constitutional or in what manner it should be construed, but instead, whether the court was correct in ruling that it had no jurisdiction to consider appellant's claims.

Appellee taxing authorities counter that the pleadings upon which appellant bases its points of error, cannot properly be considered on review for the reason that they were filed after the trial and without leave of court, in violation of TEX.R.CIV.P. 63.

The record reflects that the pleadings that concern this appeal were filed as follows. On November 15, 1984, appellant filed its original petition and application for temporary injunction. Thereafter appellees filed their respective original answers and pleas to the jurisdiction and in abatement. On December 7, 1984, a hearing was held before the court on appellees' pleas to the jurisdiction and in abatement. No statement of facts from this hearing is in the record before us.

On December 26, 1984, appellant filed its first amended original petition and first amended application for temporary injunction. The record does not contain any indication that appellant requested or received leave from the court to file same. On January 7, 1985, appellees Dallas County Appraisal District and Dallas County Appraisal Review Board filed a motion to strike, requesting the court to strike appellant's amended pleadings for its failure to obtain leave of court to file same. The record does not contain a ruling upon this

---

1. Uniform Declaratory Judgments Act, ch. 164, secs. 1–17, 1943 Tex.Gen.Laws 265, *repealed by* Act of June 16, 1985, ch. 959, sec. 9(1), 1985 Tex.Sess.Law Serv. 7218 (*currently codified at* TEX.CIV.PRAC. & REM. CODE sec. 37.001–37.011 (Vernon Pamph. 1986)).

motion. On June 19, 1985 the court entered judgment granting appellees' pleas to the jurisdiction and in abatement, and dismissing appellant's suit without prejudice.

TEX.R.CIV.P. 63 provides, in pertinent part:

Parties may amend their pleadings ... by filing such pleas with the clerk at such time as not to operate as a surprise to the opposite party; provided, that any amendment offered for filing *within seven days of the date of trial or thereafter,* or after such time as may be ordered by the judge under Rule 166, shall be filed only after leave of the judge is obtained, which leave shall be granted by the judge unless there is a showing that such amendment will operate as a surprise to the opposite party.

*Id.* (Emphasis added).

Our analysis under this statute depends on whether its use of the word "trial" contemplates within its meaning a hearing on a plea to the jurisdiction. (We will not consider the plea in abatement since the case was not abated.) This court, in *Law Off. of Yarborough & Pope, Inc. v. Nat. Auto. & Casualty Insurance Company,* 548 S.W.2d 462 (Tex.App.—Fort Worth 1977, writ ref'd n.r.e.) stated:

In due order of pleading under Texas practice a plea to the jurisdiction of the court is preliminary to a plea to the merits of plaintiff's suit, and, where heard and considered by the court, one to be treated as having been tried preliminary to any hearing of any other aspect of the case whether or not that was the actual form of the court proceeding.

*Id.* at 463.

This court reasoned in that case that the intention of the rule requiring certain pleas to be verified had application in an instance where the defendant's pleading should be construed as going to the merits of the case. *Id.* at 463.

■ We hold the same to be true under rule 63's requirement that leave of court be obtained before amended pleadings can be filed within seven days of trial or thereafter. The rule applies in instances where there is a trial on the merits of the case. It does not apply in the instance of a hearing on a plea to the jurisdiction, as such is preliminary to a trial on the merits. Therefore, we will consider appellant's amended pleadings as the "live" pleadings in this appeal.

As pointed out above, appellant contends that the sole issue on appeal is whether the trial court had jurisdiction to hear its case; not whether the Texas Tax Code is constitutional or in what manner it should be construed. We disagree. By ruling that it was without jurisdiction, the trial court effectively made an affirmative finding that appellant was required to comply with the provisions of the Code, and that it had failed to do so. We will now consider whether the trial court was correct in so ruling.

By its own enabling legislation, appellant is empowered to construct hospital projects, defined in relevant part as follows:

'Hospital project' means and includes any real, personal, or mixed property, or any interest therein, the ... constructing, ... of which is found by the governing body of an issuer to be required or necessary for medical care, research, training, and teaching, any one or all, ... Without limiting the generality of the foregoing, and when found by the governing body of an issuer to be so required, necessary, or convenient, 'hospital project' shall include the following: ... (4) any structure suitable for use as a support facility related to a hospital project such as an office building....

TEX.REV.CIV.STAT.ANN. art. 4437e–2, sec. 3(g) (Vernon 1976).

Appellant's enabling legislation also empowers it to lease to any person any hospital, or part thereof, which it owns. TEX. REV.CIV.STAT.ANN. art. 4437e–1, sec. 1 (Vernon Supp.1986).

Section 16 of the Act states:

Recognizing the fact that the property owned by Authority will be *held for public purposes only and will be devoted*

*exclusively to the use and benefit of the public, it shall be exempt from taxation of every character.*

TEX.REV.CIV.STAT.ANN. art 4437e, sec. 16 (Vernon 1976) (emphasis added). This "public purpose" requirement is also contained in the Texas Constitution and in the Texas Tax Code as a prerequisite to tax-exempt status. *See* TEX.CONST. art XI, sec. 9 and TEX. TAX CODE ANN. sec. 11.11(a) (Vernon 1982).

Our inquiry then, is whether the leasing of appellant's office building to physicians for their own private use and control destroys its otherwise tax-exempt status.

The Texas Supreme Court in *Satterlee v. Gulf Coast Waste Disposal Auth.*, 576 S.W.2d 773 (Tex.1978) (on rehearing) reaffirmed the traditional analysis in tax cases such as this by holding that the property in question must be "held *only* for public purposes and *devoted exclusively to the use and benefit of the public.*" *Id.* at 779 (emphasis original).

Here, appellant's property was not used exclusively for the use and benefit of the public since private doctors were leasing part of the property for their own commercial enterprise. Therefore, appellant's property was not exempt as a matter of law, and appellant was, as a result, required to exhaust its administrative remedies before seeking judicial review. *See* Op.Tex. Att'y Gen. No. MW–430 (1982) and *cf. Grounds v. Tolar Independent School District*, 707 S.W.2d 889, 29 Tex.Sup.Ct.J. 307 (1986).

Appellant admits that it did not comply with the provisions of the Tax Code and exhaust all administrative remedies. Appellant argues that, if it had complied with the procedural administrative requirements of the Tax Code, then it would be estopped to challenge the constitutionality of the Tax Code.

For this position appellant relies, in part, on the recent case of *Texas Architectural Aggregate, Inc. v. Adams*, 690 S.W.2d 640 (Tex.App.—Austin 1985, no writ), where the court stated that it would not consider a constitutional challenge in an appeal taken by one who had "affirmatively availed himself of the administrative-review proceeding upon which they depend and of which they form an integral part, for one may not in the same proceeding rely upon a statute while contending that it is unconstitutional in some important provision." *Id.* at 643.

Although we agree that the court in *Adams* did consider an appeal under the Tax Code, a close reading of the case reflects that the court did not consider any constitutional challenge to the Tax Code because no such challenge was raised by appellant. In affirming the trial court, the court in *Adams* did hold that the remedies provided in the Tax Code are exclusive and that the code expressly forbids common-law suits that had been established by pre-existing case law. *Id.*

In discussing the holding in *Adams* we note that the appellant there, much like the appellant here, failed to follow the statutory scheme for judicial review as set forth in the code. We do not find a conflict between *Adams* and the trial court's dismissal of appellant's claim.

Further, the Declaratory Judgments Act cannot be used as a vehicle to avoid or evade the exclusive administrative process and remedies provided in the Texas Tax Code. *Cf. Alamo Express v. Union City Transfer*, 158 Tex. 234, 309 S.W.2d 815, 827 (1958).

Because appellant's property was not used exclusively for public purposes, the trial court did not err in dismissing its claim for want of jurisdiction.

Judgment affirmed.