**KLEIN INDEPENDENT SCHOOL DISTRICT, Appellant,**

**v.**

**APPRAISAL REVIEW BOARD FOR the HARRIS COUNTY APPRAISAL DISTRICT, Harris County Appraisal District, and Northwest Harris County Municipal Utility District No. 19, Appellees.**

**No. 6–92–087–CV.**

Court of Appeals of Texas,
Texarkana.

Nov. 24, 1992.

Jeffrey William Clark, F. James Wunderlich, Houston, for appellant Klein Ind. School Dist.

Kenneth Wall, Olson & Olson, Houston, for appellees Appraisal Review Bd. and Harris County Appraisal Dist.

Mark W. Brooks, Young & Brooks, Houston, for appellee N.W. Harris County Municipal Utility Dist.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

OPINION

BLEIL, Justice.

Klein Independent School District appeals the judgment upholding the tax-exempt status of certain real property owned by Northwest Harris County Municipal Utility District No. 19 as determined by the appraisal district and upheld by the appraisal review board. The issue before us is whether property owned by one political subdivision solely for resale is subject to ad valorem taxation by another political subdivision. We hold that such property is tax exempt and, accordingly, affirm the judgment of the trial court.

Northwest 19 was created by the Texas Water Commission under constitutional au-

thority in 1979. In 1982, Northwest 19 sold bonds to finance the acquisition of water, sewage and drainage facilities to serve the residential subdivision being developed within its geographic boundaries. Due to a number of circumstances, the subdivision did not progress as planned, and Northwest 19's tax base dropped dramatically. Northwest 19 filed bankruptcy proceedings in 1987.

In order to pay its debts, Northwest 19 was faced with levying a tax so large that the landowners within its boundaries would be unable to pay it. If that occurred, Northwest 19 would be forced to seize the property and try to sell it to satisfy the unpaid taxes. As part of its bankruptcy reorganization plan, most of the landowners agreed with Northwest 19 to deed their property to Northwest 19; Northwest 19 would sell off property until its debts were satisfied, then deed any remaining property back to the landowners. Northwest 19 acquired 541 acres of the 555.14 acres within its boundaries. Northwest 19 requested and was granted a public property tax exemption for the acreage by the appraisal district.

All of the property now owned by Northwest 19 lies within Klein Independent School District. Klein protested the exemption for Northwest 19's property. The appraisal review board upheld the exemption, as did the trial court.

Land held by a political subdivision is exempt from ad valorem taxation if it is used for public purposes. TEX.TAX CODE ANN. § 11.11(a) (Vernon 1992). Klein argues that holding land solely for sale is not a public purpose and, therefore, the property owned by Northwest 19 should not be exempt from taxation.

Section 11.11 does not define "public purpose," but it does list a number of nonpublic purpose land uses.[1] Holding land for sale is not a nonpublic use listed in the statute.[2] *Id.* However, holding land solely for resale is a public use in the context of land acquired through tax lien foreclosure. *See State v. City of San Antonio,* 147 Tex. 1, 209 S.W.2d 756, 757–58 (1948); *State v. Moak,* 146 Tex. 322, 207 S.W.2d 894, 897 (1948); *City of Austin v. Sheppard,* 144 Tex. 291, 190 S.W.2d 486, 488 (1945) (orig. proceeding).

While this case does not involve tax lien foreclosure, it is analogous to those cases. Northwest 19 acquired the land in question through a settlement to avoid a tax lien foreclosure; the character of the land did not somehow change because Northwest 19 failed to go through with formal foreclosure proceedings. Furthermore, Northwest 19's use of the land seems to present a more compelling example of public use than a mere tax lien foreclosure. Here, Northwest 19 is depending on the sale of the land for its very survival. Certainly acts taken by a political subdivision specifi-

1. TEX.TAX CODE ANN. § 11.11(d) (Vernon 1992) provides in part:
   Property owned by a state agency or institution is not used for public purposes if the property is rented or leased for compensation to a private business enterprise to be used by it for a purpose not related to the performance of the duties and functions of the state agency or institution or used to provide private residential housing for compensation to members of the public other than students and employees of the state agency or institution owning the property....

2. Klein argues that land held by governmental entities for nontraditional purposes is not held for public purposes. Klein relies on *Grand Prairie Hosp. Auth. v. Tarrant Appraisal District,* 707 S.W.2d 281 (Tex.App.–Fort Worth 1986, writ ref'd n.r.e.). In *Grand Prairie,* the property in question was a hospital office building in which private doctors were allowed to rent office

space. *Id.* at 282. Rental of public property to private parties is specifically designated as a nonpublic use by the statute. TEX.TAX CODE ANN. § 11.11(d) (Vernon 1992).

Klein also contends that land not used exclusively for a public purpose is subject to taxation, citing *Satterlee v. Gulf Coast Waste Disposal Auth.,* 576 S.W.2d 773 (Tex.1978). *Satterlee* is distinguishable in two respects. First, the supreme court based its ruling on a statute which was a predecessor to Section 11.11 which, unlike the current version, provided exemption for land belonging *exclusively* to the state. *Id.* at 774. Secondly, the land in question in *Satterlee* was not owned exclusively by the political subdivision; private parties held reversionary interests in the land should it cease to be used for waste treatment. In this case, Northwest 19 holds title to the land in fee simple.

cally for the purpose of maintaining its own existence are acts for a public purpose. Property held by a political subdivision solely for resale is exempt from ad valorem taxation.

The judgment is affirmed.

