ACCEPTED
15-24-00017-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
1/9/2025 12:12 PM
CHRISTOPHER A. PRINE
CLERK

**No. 15-24-00017-CV**

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
1/9/2025 12:37 PM
CHRISTOPHER A. PRINE
Clerk

IN THE COURT OF APPEALS FOR THE FIFTEENTH DISTRICT OF TEXAS

ALL STAR IMPORTS, INC. D/B/A WORLD CAR MAZDA NORTH,

*Appellant and Cross-Appellee,*

v.

MAZDA MOTOR OF NORTH AMERICA, INC. A/K/A MAZDA MOTOR OF AMERICA, INC.,

*Cross-Appellant and Appellee,*

v.

BOARD OF THE TEXAS DEPARTMENT OF MOTOR VEHICLES,

*Appellee and Cross-Appellee.*

On Appeal from Cause No. D-1-GN-23-005034
in the 345th Judicial District Court of Travis County, Texas

MAZDA'S RESPONSE TO MOTION TO STRIKE OR DISREGARD THE MERITS
PORTIONS OF MAZDA'S CROSS-APPELLANT'S BRIEF

**Brit T. Brown**
brit.brown@akerman.com
Texas Bar No. 03094550
**Benjamin A. Escobar, Jr.**
benjamin.escobar@akerman.com
Texas Bar No. 00787440
**AKERMAN LLP**
1300 Post Oak Blvd., Suite 2300
Houston, Texas 77056-3000
Telephone: (713) 623-0887
Facsimile: (713) 960-1527

**Jeff Nobles**
jeff.nobles@huschblackwell.com
Texas Bar No. 15053050
**HUSCH BLACKWELL LLP**
600 Travis Street, Suite 2350
Houston, Texas 77002
Telephone: (713) 647-6800
Facsimile: (713) 647-6884

ATTORNEYS FOR APPELLEE/CROSS-APPELLANT, MAZDA MOTOR OF NORTH
AMERICA, INC. A/K/A MAZDA MOTOR OF AMERICA, INC.

# TABLE OF CONTENTS

**Page**

Introduction ..................................................................................... 1

Background ...................................................................................... 3

    A.    Mazda's legal arguments are not based on the administrative record ........................................................... 3

    B.    This case is not solely a "jurisdictional appeal." ................... 4

Argument .......................................................................................... 6

    I.    Mazda's brief is consistent with its previous filings and the Court's September 24 Order ................. 6

    II.    The Court has the power to address Mazda's arguments on the merits ............................................. 9

    III.    Mazda preserved its merits arguments ...................... 11

    IV.    The Motion's "piecemeal" arguments are groundless. ............................................................. 12

Conclusion ..................................................................................... 16

# INDEX OF AUTHORITIES

**Page(s)**

## Cases

*Church v. City of Alvin,*
   No. 01-13-00865-CV, 2015 WL 5769998 (Tex. App.—Houston [1st
   Dist.] Sept. 29, 2015, no pet.)...........................................................6, 14

*El Paso Nat. Gas Co. v. Minco Oil & Gas, Inc.,*
   8 S.W.3d 309 (Tex. 1999) ........................................................ 15, 16

*First United Pentecostal Church of Beaumont v. Parker,*
   514 S.W.3d 214 (Tex. 2017) .............................................................15

*Fredonia State Bank v. General Am. Life Ins. Co.,*
   881 S.W.2d 279 (Tex. 1994) ..............................................................10

*Grand Prairie Hosp. Auth. v. Tarrant Appraisal Dist.,*
   707 S.W.2d 281 (Tex. App.—Fort Worth 1986, writ ref d n.r.e.) ....5, 13

*Horizon Health Corp. v. Acadia Healthcare Co., Inc.,*
   520 S.W.3d 848 (Tex. 2017) .............................................................15

*In re Shafer,*
   No. 01-24-00190-CR, 2024 WL 2965236 (Tex. App.—Houston [1st
   Dist.] June 13, 2024, orig. proceeding) .............................................17

*Malone v. Pub. Util. Comm'n of Tex.,*
   No. 03-11-00815-CV, 2013 WL 4820454 (Tex. App.—Austin Aug. 28,
   2013, no pet.) ........................................................................ 18, 19, 20

*Patel v. Trevino,*
   No. 01-20-00445-CV, 2022 WL 3720135, n.4 (Tex. App.—Houston [1st
   Dist.] Aug. 30, 2022, no pet.) .......................................................5, 13

*Phillips v. Boo 2 You, LLC,*
   No. 03-14-00406-CV, 2016 WL 2907971 (Tex. App.—Austin May 13,
   2016, no pet.)....................................................................................10

*Star Houston, Inc. v. Volvo Cars of N. Am., LLC,*
 673 S.W.3d 644 (Tex. App.—Austin 2023, pet. denied) .......................21

**Statutes**

TEX. GOV'T CODE § 2001.146(c)...............................................................4

TEX. OCC. CODE § 2301.751(2)(b)...........................................................17

TEX. OCC. CODE § 2301.751(a)(2).......................................................5, 12

TEX. OCC. CODE § 2301.751(b) ..............................................................12

**Rules**

TEX. R. APP. P. 38.1...............................................................................10

TEX. R. APP. P. 43.2, 43.3......................................................................11

TO THE HONORABLE FIFTEENTH COURT OF APPEALS:

Cross-Appellant Mazda Motor of North America, Inc. a/k/a Mazda Motor of America, Inc. ("Mazda"), respectfully files this response to Appellant's Motion to Strike or Disregard the Merits Portions of its Cross-Appellant's Brief (the "Motion").

## INTRODUCTION

This case arises from World Car North's misconduct: (1) its reckless and dangerous failure to service defective Takata airbags, and (2) its misrepresentation that it had performed that work when it had not. CR 95, 135-36. Mazda discovered this misconduct almost seven years ago, in April 2018.

This misconduct resulted in a January 6, 2022, administrative decision authorizing the termination of World Car North's Mazda franchise. CR 85. The substantial evidence of misconduct compelled the ALJ to rule that World Car North's employee "contributed to a significant risk of harm over a period of time by falsely reporting Takata airbag recall work as having been completed, and that its management was "extremely slow to take the issue seriously." CR 128-29. "Once informed

by Mazda about the issue, World Car North management was lackadaisical in its attempts to resolve the inflator issue." CR 135.

Nearly seven years after World Car North's wrongful conduct was discovered, and three years after the ALJ made these findings, Mazda's right to terminate the World Car North franchise is still being delayed. The Motion asks the Court to strike or disregard two short legal arguments, covering just seven pages in Mazda's opening brief. *See* Mazda Br. at 19-25. These legal arguments are not based on the administrative record, which has not yet been filed in this Court.

Both of Mazda's legal arguments were contained in briefing that Mazda served 18 months ago, on July 10, 2023. CR 665-70. While World Car North and the Board have never responded to these arguments, there is no reason they should not respond to them now. Mazda is familiar with the maxim that the wheels of justice turn slowly and grind exceedingly fine, but the merits issues in Mazda's brief are ready for decision, as shown below. It will cause no prejudice to World Car North or the Board to brief these uncomplicated merits issues now. For the following reasons, Mazda respectfully asks the Court to deny the Motion.

## BACKGROUND

Mazda does not agree with all the specifics contained in the "Background" section of the Motion and offers the following summary of the most significant differences in the parties' views.

### A. Mazda's legal arguments are not based on the administrative record.

The Motion paints a one-sided picture of the differences between the merits arguments of the two sides. It accurately says that "it would be impossible to brief or resolve World Car North's merits challenges without the administrative record." Mot. at 6. This is because World Car North must be expected to brief lengthy arguments that the ALJ's findings of fact and conclusions of law should be set aside. These arguments are briefed over a span of 53 pages in the Clerk's Record of this appeal, CR 677-733, but there is not yet an administrative record supporting them. World Car North's legal arguments will be complicated and time-consuming to brief and decide.

Mazda's merits arguments are different. Mazda asks this Court to review the Board's Final Order of June 14, 2023, on two narrow legal grounds, briefed in six pages of the Clerk's Record. CR 665-70. Mazda's brief covers these arguments in seven pages. These arguments are based

3

on the text of the Board's Order and not the absent administrative record. Mazda does not ask for a different result, but for the language of the Board's Order to be reconciled with the requirements of Texas law. Mazda Br. at 19-25. World Car North and the Board have already had 18 months to consider Mazda's position. Mazda's legal arguments will not be complicated or time-consuming to brief and decide.

**B.    This case is not solely a "jurisdictional appeal."**

The Motion calls this case, No. 15-24-00017-CV, a "Jurisdictional Appeal" to imply that this appeal does not concern any issues on the merits. That is incorrect.

The jurisdictional issue turns on whether the parties' motions for rehearing were overruled by operation of law on August 8, 2023. TEX. GOV'T CODE § 2001.146(c). The Board did not rule until August 9, 2023. If the Board was not required to rule before August 9, Texas courts do not have jurisdiction over the merits, but there is no Texas precedent that supports the Board's jurisdictional argument. Mazda Br. at 13-19.

The second case before this Court, No. 15-24-00039-CV, was removed by Mazda to the court of appeals pursuant to the statute that gives this Court direct jurisdiction over the parties' appeals from the

4

Board's Order. TEX. OCC. CODE § 2301.751(a)(2). While the Motion argues that Mazda's appeal is untimely, there is no precedent supporting that view. Instead, Texas law supports Mazda's removal rights "before trial," *id.*, and the hearing on a plea to the jurisdiction is not a "trial."[1]

Both cases pending in this Court, Nos. 15-24-00017-CV and 15-24-00039-CV, have been consolidated for decisions on the merits at the joint request of the parties. If this Court agrees that the Board did not timely rule, this Court can fully determine the merits of the parties' arguments on the merits in each of these consolidated appeals. Therefore, this case, No. 15-24-00017-CV, is not merely a jurisdictional appeal.

---

[1] *See, e.g., Grand Prairie Hosp. Auth. v. Tarrant Appraisal Dist.*, 707 S.W.2d 281, 283 (Tex. App.—Fort Worth 1986, writ ref d n.r.e.) (hearing on plea to jurisdiction is not a "trial"); *Patel v. Trevino*, No. 01-20-00445-CV, 2022 WL 3720135, at *1, n.4 (Tex. App.—Houston [1st Dist.] Aug. 30, 2022, no pet.); *Church v. City of Alvin*, No. 01-13-00865-CV, 2015 WL 5769998, at *4 (Tex. App.—Houston [1st Dist.] Sept. 29, 2015, no pet.).

## ARGUMENT

## I.   Mazda's brief is consistent with its previous filings and the Court's September 24 Order.

The Motion incorrectly argues that Mazda's brief "contradicts the parties' joint efforts and agreement to brief jurisdiction first and the Court's resulting order staying all proceedings on the merits and directing the parties to brief this appeal only." Mot. at 7. Mazda has never agreed to delay its briefing on its merits arguments, which were preserved below and do not require an administrative record.

The Motion devotes almost 10 pages to its argument that the merits of Mazda's brief should be stricken or disregarded based on the Court's September 24 Order, but never quotes what the Court actually said in that Order:

> Appellee World Car Mazda North's Motion to Consolidate Appeals, Stay All Proceedings on the Merits, and Set Briefing Schedule on Jurisdictional Issue was **granted** by this Court on the date noted above. This appeal is consolidated with 15-24-00017-CV for administrative purposes. The Court stays the deadline for filing the administrative record and filing briefs in cause number 15-24-00039-CV. Appellant's and Cross-Appellant's briefs in cause number 15-24-00017-CV are due on or before **October 24, 2024**. Appellees' and Cross-Appellee's briefs will be due 30 days from the filing of Appellant's and Cross-Appellant's briefs. Reply briefs, if any, will be due within 15 days from the filing of Appellees' and Cross-Appellee's briefs.

6

9/24/24 Order. The Court's Order (1) consolidates the two cases in this Court for administrative purposes, (2) stays the deadline for filing the administrative record, and (3) stays briefing deadlines in cause number 15-24-00039-CV. It does not instruct Mazda to delay the briefing of its merits arguments that are not based on the administrative record.

The relief granted by the Court is not identical to the relief sought by World Car North in the several appellate motions it has filed in the Third Court and this Court. World Car North filed a 16-page "Motion to Determine Jurisdiction" in the Third Court on March 7, 2024, asking the Third Court to "issue an order determining whether or not the Board's June 14 order is a final and appealable order subject to judicial review." 3/7/24 Mot. at 17. The Third Court never ruled on that motion, which this Court has dismissed as moot.

World Car North also filed, on March 29, 2024, a 10-page "Motion to Consolidate Appeals, Stay All Proceedings on the Merits, and Set Briefing Schedule on Jurisdictional Issue," which asked the Third Court to "to vacate the current briefing deadlines in cause No. 03-24-00078-CV and establish a new schedule for briefing the jurisdictional issue in the consolidated appeal by setting deadlines for the other parties to respond

to World Car North's motion to determine jurisdiction that is separately being filed." 3/29/24 Mot. at 10. There has never been an order setting deadlines for responding to World Car North's motion to determine jurisdiction.

In the Third Court, Mazda filed a letter that stated:

> We write to advise the Court that Mazda Motor of North America, Inc. ("Mazda") does not oppose an expedited briefing schedule on whether the Texas Motor Vehicle Board acted timely on the parties' respective motions for hearing. Mazda opposes All Star Imports d/b/a World Car Mazda North's request to stay the preparation of the administrative record.

Mazda 3/29/24 Letter, filed in N0. 03-24-00144-CV. The Third Court never set such an expedited briefing schedule.

The relief granted by this Court is similar but not identical to the relief requested in World Car North's numerous motions. This Court did not order the parties to file briefs, expedited or otherwise, limited to the issue of jurisdiction. Instead, it ordered the parties to file their "Appellant's and Cross-Appellant's briefs" in cause number 15-24-00017-CV and stayed the deadline for filing the administrative record and filing briefs in cause number 15-24-00039-CV. Mazda complied with this order by filing its brief addressing the jurisdictional issues and its two merits arguments that are not based on the administrative record.

8

Mazda's counsel has no discretion to delay or omit arguments in their briefing for their client. If a party delays or omits meaningful argument, appellate courts may consider the issue waived. *See Fredonia State Bank v. General Am. Life Ins. Co.*, 881 S.W.2d 279, 283-85 (Tex. 1994); *see* TEX. R. APP. P. 38.1 (requiring appellate brief to include "clear and concise argument for the contentions made, with appropriate citations to authorities and to the record"); *Phillips v. Boo 2 You, LLC*, No. 03-14-00406-CV, 2016 WL 2907971, at *5 (Tex. App.—Austin May 13, 2016, no pet.).

While this Court has discretion to decide whether omitted legal arguments are waived, the parties and their counsel do not. Any decision to delay or omit arguments that might be raised in a brief raises unacceptable risks for Mazda and its counsel.

## II. The Court has the power to address Mazda's arguments on the merits.

The Motion also argues that "Mazda's merits briefing is improper" because the Court has no power to consider them. This is also incorrect.

The Motion asserts that this Court's power is limited because the trial court granted the Board's plea to the jurisdiction. It relies on the appellate rules to argue that this Court's power is limited to remanding

9

the case to the trial court after reversing the order granting the plea to the jurisdiction. Mot. at 11-12 (citing TEX. R. APP. P. 43.2, 43.3). The short version of this argument is that "it would be improper for this Court to render a merits judgment from a granted plea to the jurisdiction." Mot. at 12. That argument does not apply here, because Mazda filed a motion for removal that empowers this Court to decide all the merits issues in the case.

If this Court agrees that the Board's August 10 order was untimely, the merits of the case will not return to the trial court for decision. Only this Court will have jurisdiction to decide the merits of the case. *See* TEX. OCC. CODE § 2301.751(a)(2). The trial court will not have jurisdiction to consider the appeal from the Board under those circumstances.

The Motion's second argument on this issue—its assertion that Mazda did not timely seek judicial review from the June 14 Order, Mot. at 12-13—is also inapplicable here. The deadline for removing an appeal from the district court to this Court is any time "before trial." TEX. OCC. CODE § 2301.751(b). A hearing on a plea to the jurisdiction is not a trial. *See, e.g., Grand Prairie Hosp. Auth. v. Tarrant Appraisal Dist.*, 707 S.W.2d 281, 283 (Tex. App.—Fort Worth 1986, writ ref d n.r.e.) (hearing

10

on plea to jurisdiction is not a "trial"); *Patel v. Trevino*, No. 01-20-00445-CV, 2022 WL 3720135, at *1, n.4 (Tex. App.—Houston [1st Dist.] Aug. 30, 2022, no pet.); *Church v. City of Alvin*, No. 01-13-00865-CV, 2015 WL 5769998, at *4 (Tex. App.—Houston [1st Dist.] Sept. 29, 2015, no pet.).

## III. Mazda preserved its merits arguments.

The Motion further argues that Mazda "also failed to preserve some challenges it now asserts." Mot. at 13. The Motion identifies these alleged waiver issues in a single sentence referencing "untrustworthiness" and the "investment/obligation factor." *Id*. These preservation arguments are short, vague, and incorrect. Mazda addressed both of these issues in the motion for rehearing it filed with the Board. *See* CR 666 (addressing investment and obligations); CR 667-670 (addressing trustworthiness).

These arguments were not waived below. *See Horizon Health Corp. v. Acadia Healthcare Co., Inc.*, 520 S.W.3d 848, 882 (Tex. 2017) (quoting *First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 222 (Tex. 2017) ("In considering assertions that claims have been waived, we construe briefing reasonably, yet liberally, so that the right to appellate review is not lost by waiver." (cleaned up)); *El Paso Nat. Gas Co. v. Minco Oil & Gas, Inc.*, 8 S.W.3d 309, 316 (Tex. 1999) ("[W]e

11

liberally construe issues presented to obtain a just, fair, and equitable adjudication of the rights of the litigants."). If the Motion is suggesting that Mazda's brief should be stricken or disregarded on the basis of alleged briefing waiver, that argument is not supported by Texas appellate decisions that reject such a harsh approach.

## IV. The Motion's "piecemeal" arguments are groundless.

Finally, the Motion complains that Mazda "wrongly asks the Court to consider these merits points in the first instance, without a record, and in piecemeal fashion." Mot. at 14. The "piecemeal" argument is ironic, because it is World Car North, not Mazda, that asked the Court to decide the case in more than one round of briefing, in "piecemeal" fashion.

The Motion's assertion that this Court cannot "be the first to address [Mazda's] merits arguments [before the trial court]," *id.*, is wrong as a matter of Texas law. Mazda has the statutory right to expedite appellate review of the Board's Order by filing a notice of removal in the trial court before trial. TEX. OCC. CODE § 2301.751(2)(b). The Motion cites an original proceeding in a criminal case that obviously did not involve removal of an administrative appeal. *In re Shafer*, No. 01-24-00190-CR, 2024 WL 2965236, at *3 (Tex. App.—Houston [1st Dist.] June 13, 2024,

orig. proceeding) (opinion by Justice Farris) (granting mandamus relief in a criminal case). That case was an original proceeding arising from a felony trial and does not involve Texas administrative law or a notice of removal.

The Motion is also wrong when it asserts that Mazda's complaints about the Board's June 14 Order cannot be reviewed without the entire administrative record. Mot. at 14-15. Its only support for this assertion is Mazda's request for oral argument, in which Mazda stated that oral argument would help the Court gain a complete understanding of the facts. Mot. at 15 (citing Mazda Br. at ix). Mazda's request for oral argument, however, said nothing about needing the administrative record to review Mazda's legal arguments about the Board's June 14 Order.

Under Texas law, Mazda's merits arguments may be decided without reference to the underlying administrative record. *See, e.g., Malone v. Pub. Util. Comm'n of Tex.*, No. 03-11-00815-CV, 2013 WL 4820454 (Tex. App.—Austin Aug. 28, 2013, no pet.) (opinion by Justice Field). In that case, the Third Court considered a challenge to the PUC's modification of a PFD by two ALJ's. *Id.* at *1. Malone argued that the

PUC had not followed Texas law when it amended the ALJ's findings. *Id.* at *5.

Malone's arguments were not based on the administrative record, and the Third Court did not refer to the administrative record in its analysis. Instead, Justice Field's analysis focused on the ALJs' PFD, the PUC's Order, and legal argument. *Id.* at *5-6. The PFD and the Board Order are already contained in the Clerk's Record filed in this Court. There is no need for the Court to consider any other materials in deciding Mazda's cross-points.

The Motion argues Mazda is "off-base" for asking the Court to decide its merits arguments now, and that "Mazda provides no authority of any court resolving a case in this strange piecemeal fashion." Mot. at 15. But the request for piecemeal resolution came from World Car North, not Mazda. Mazda has done its best to comply with the Court's September 24 Order without waiving its merits arguments or facilitating unnecessary delay.

Further, the Motion incorrectly argues that "Mazda's and World Car North's challenges each relate to the same multi-factor analysis," which cannot be argued in separate merits briefs. Actually, Mazda asks

for relief that will not change the result, but only two textual errors in the Board's June 14 Order. Mazda's request for relief is important because the Board's modification of the ALJ's findings or conclusions might operate as res judicata or collateral estoppel in a subsequent proceeding. *Star Houston, Inc. v. Volvo Cars of N. Am., LLC*, 673 S.W.3d 644, 655 (Tex. App.—Austin 2023, pet. denied).

On the other hand, World Car North seeks a complete do-over of the result in the administrative proceedings, which may set the resolution of the case back for a number of years. The arguments of the two parties are not interrelated or co-dependent and do not involve the same record, even though they arise from the same factual nucleus.

The Motion concludes with the assertion that Mazda's briefing of its only merits challenges now is improper and should be stricken or disregarded. Mot. at 16. Mazda has every right to brief its merits arguments now and, if it had omitted them, would face the unacceptable risk of having waived them. It will cause no prejudice to World Car North and the Board for them to brief their responsive arguments.

## CONCLUSION

Mazda recognizes this Court's power and discretion to manage its docket in the manner it chooses. It is entirely possible that the Court will decide to wait before addressing Mazda's arguments on the merits. But there can be no serious disagreement that it is the Court, not the parties, that is in the best position to decide how to expedite its decision for the good of the parties, the public, and the interests of justice.

Mazda believes it will expedite a final resolution of this dispute for the Court to decide the merits of Mazda's cross-appeal as soon as the Court sees fit to do so. The Motion argues that the briefing of all the merits issues, even those that are unrelated to the administrative record, will be suspended and the Court will be precluded from deciding the issues raised in Mazda's cross-points. Such delay is neither proper nor necessary.

For the sake of moving forward with the merits and avoiding further unnecessary delay, Mazda asks that the Court deny the Motion and grant all other relief Mazda is entitled to receive.

Respectfully submitted,

*/s/Brit T. Brown*

**Brit T. Brown**
Brit.brown@akerman.com
Texas Bar No. 03094550
**Benjamin A. Escobar, Jr.**
Benjamin.escobar@akerman.com
Texas Bar No. 00787440
AKERMAN LLP
1300 Post Oak Blvd., Suite 2300
Houston, Texas 77056-
Telephone: (713) 623-0887
Fax: (713) 960-1527
Fax: 713-647-6884

**Jeff Nobles**
jeff.nobles@huschblackwell.com
Texas Bar No. 15053050
HUSCH BLACKWELL LLP
600 Travis Street, Suite 2350
Houston, Texas 77002
Telephone: 713-647-6800

ATTORNEYS FOR APPELLEE/CROSS-APPELLANT, MAZDA MOTOR OF NORTH AMERICA, INC. A/K/A MAZDA MOTOR OF AMERICA, INC.

17

# CERTIFICATE OF SERVICE

I certify that this document was electronically filed with the Clerk of the Court using the electronic case filing system. A true and correct copy was served on the counsel of record listed below on January 9, 2025:

Jeffrey L. Oldham
jeff.oldham@bracewell.com
Walter A. Simons
walter.simons@bracewell.com
BRACEWELL LLP
711 Louisiana St., Ste. 2300
Houston, Texas 77002

Jarod R. Stewart
jstewart@steptoe.com
Austin Kreitz
akreitz@steptoe.com
STEPTOE, LLP
717 Texas Ave., Ste. 2800
Houston, Texas 77002

*Counsel for Appellant All Star Imports, Inc. d/b/a World Car Mazda North*

OFFICE OF THE ATTORNEY GENERAL
Ken Paxton, Attorney General
Brent Webster
James Lloyd
Ernest C. Garcia
Kathy Johnson
kathy.johnson@oag.texas.gov
P.O. Box 12548
Capital Station
Austin, Texas 78711

*Counsel for Appellee Board of the Texas Department of Motor Vehicles*

/s/ Benjamin A. Escobar
Benjamin A. Escobar

18

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

darlyn castillo on behalf of Jeffery Taylor Nobles
Bar No. 15053050
darlyn.castillo@huschblackwell.com
Envelope ID: 96036708
Filing Code Description: Response
Filing Description: Mazda's Response to Motion to Strike or Disregard The Merits Portions of its Cross-Appellant's Brief
Status as of 1/9/2025 12:21 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Benjamin AEscobar | | benjamin.escobar@akerman.com | 1/9/2025 12:12:37 PM | SENT |
| Brit T.Brown | | brit.brown@akerman.com | 1/9/2025 12:12:37 PM | SENT |
| Neila Olvera | | neila.olvera@akerman.com | 1/9/2025 12:12:37 PM | SENT |
| Jeffery Nobles | 15053050 | jeff.nobles@huschblackwell.com | 1/9/2025 12:12:37 PM | SENT |
| Jeffrey Oldham | 24051132 | jeff.oldham@bracewell.com | 1/9/2025 12:12:37 PM | SENT |
| Walter Simons | 24098429 | walter.simons@bracewell.com | 1/9/2025 12:12:37 PM | SENT |
| Jarod Stewart | 24066147 | jstewart@steptoe.com | 1/9/2025 12:12:37 PM | SENT |
| Austin Kreitz | 24102044 | akreitz@steptoe.com | 1/9/2025 12:12:37 PM | SENT |
| Katherine Johnson | 24126964 | kathy.johnson@oag.texas.gov | 1/9/2025 12:12:37 PM | SENT |
| Terri Patton | | terri.patton@bracewell.com | 1/9/2025 12:12:37 PM | SENT |
| Christina Ramos | | cramos@steptoe.com | 1/9/2025 12:12:37 PM | SENT |
| Sallie Woodell | | swoodell@steptoe.com | 1/9/2025 12:12:37 PM | SENT |